(41 Misc. Rep. 446.)

TENEMENT HOUSE DEPARTMENT OF CITY OF NEW YORK v. MOESCHEN.

(Supreme Court, Special Term, New York County.   September, 1903.)

1 Res Judicata.

The tenement house department of the city of New York sued to compel a tenement house to make certain improvements, as required by Laws 1901, p. 912, c. 334, § 100. In a prior action between the same parties in the Municipal Court for civil penalties for the same violation of the law, the tenement house owner had raised the same issues as in the present action. *Held*, that the judgment in such proceeding was a final adjudication, so that an order enjoining the defendant from maintaining the nuisance, and requiring him to comply with the act, would be granted.

2. Injunction—Stay Pending Appeal.

Where a house owner has, under the tenement house act (Laws 1901, p. 889, c. 334), been enjoined from maintaining a nuisance in violation of such act, and raises constitutional questions as to the validity of the act, the enforcement of such order will be stayed pending the hearing of any appeal speedily taken therefrom.

Action by the tenement house department of the city of New York against Katie Moeschen. Motion for an injunction. Granted.

See 84 N. Y. Supp. 577.

Matthew C. Fleming, for plaintiff.

Adolf Bloch (Roger Foster and William L. Mathot, of counsel), for defendant.

GREENBAUM, J. The plaintiff moves for an order enjoining the defendant from maintaining a school sink on the premises owned by her at No. 332 East Thirty-Ninth street, borough of Manhattan, and directing her to substitute therefor, either in the yard or house, one water-closet for every two families in the tenement house built on said lot. The plaintiff shows in its complaint and by affidavits that prior to April 12, 1901, "said tenement house was, and since said date has been, continuously occupied and fitted up to be occupied as the residence of three or more families—nineteen families in all —living independently of each other, and doing their cooking on said premises, but having a common right in the halls, stairways, yards, and privies"; that at the times mentioned in the complaint there was, and still is, a sewer through East Thirty-Ninth street, in front of said tenement house, and that a connection with the sewer was at all times and is practicable; that there is, and has been during the period mentioned, a school sink on the said lot, and "that it is

the sole receptacle of fæcal matter" provided for the use of the occu-
pants of said building; that defendant has been duly notified to re-
move said school sink and to provide water-closets, but that she has
failed and refused to comply with said notice; that, before the com-
mencement of this action, plaintiff brought an action in one of the
Municipal Courts of the city of New York, a court of competent ju-
risdiction, against the defendant, for the recovery of the civil penalty
provided by the tenement house act, for her failure to comply with
the provisions of section 100 of said act (Laws 1901, p. 912, c. 334),
in respect of the identical alleged violation set out in the complaint
in this action; that, upon a jury trial of said action, all the defenses
and objections here raised were duly interposed; that a judgment
was duly rendered against the defendant for the sum of $50 and costs,
as a penalty for said violation. The defenses that were presented in
the Municipal Court, and that are here reiterated, are that the school
sink was originally constructed "in accordance to and obedience
with the orders, rules, and regulations of the department of health and
of the sanitary code then in force"; that the statute is void because
it compels the defendant to incur an unreasonable and unwarrantable
expense, equal "to her entire equity in the property" affected; that,
in the opinion of the best sanitary experts, the alleged improvements,
if made, will put the premises in a less sanitary condition than at the
present time; that the act contemplates the taking of property with-
out compensation, and is therefore unconstitutional and void; that
"the Legislature cannot, in the ostensible exercise of its police
powers, make that a nuisance which is not so in fact"; that "the stat-
ute is a violation of defendant's constitutional guaranty of liberty."
Defendant further contends that, "to enable the court to determine
the reasonableness of the statute, there must be evidence before it
for the purpose of enabling it to determine what may be the result
of its enforcement," and that, in any event, the plaintiff should be
remitted to a trial of this action, instead of the summary remedy
here sought.

The tenement house act (Laws 1901, p. 889, c. 334) went into effect
on April 12, 1901. Section 100 of this act provides that all school
sinks, such as defendant concededly maintains upon her premises,
shall be completely removed before January 1, 1903, and "shall be
replaced by individual water-closets of durable non-absorbent ma-
terial, properly sewer connected, and with individual traps, and prop-
erly connected flush tanks providing an ample flush of water to thor-
oughly cleanse the bowl." The section also contains other provi-
sions with reference to the character, size, requirements, and location
of the water-closets to be substituted. Section 126, p. 917, of the
act, as amended by Laws 1903, p. 423, c. 179, provides, among other
things, for the recovery of a civil penalty from the owner of any
tenement house for any violation of said act or "any notice or order
of the department charged with its enforcement." Section 128, p.
917, as amended by Laws 1903, p. 424, c. 179, authorizes the tene-
ment house department, "in case any tenement house * * * is
* * * maintained in violation of any provision of this act or of
any order or notice of the department charged with its enforce-

ment," to institute "any appropriate action or proceeding * * * to restrain, correct or abate such violation or nuisance," and "to prevent the occupation of said tenement house." The same section further provides:

"In any such action or proceeding, said department may, by affidavit setting forth the facts, apply to the Supreme Court or to any justice thereof, for an order granting the relief for which said action or proceeding is brought, or for an order enjoining all persons from doing or permitting to be done any work in or about such tenement house, building, structure or lot, or from occupying or using the same for any purpose, until the entry of final judgment."

It is thus evident that the act in question provides summary and drastic measures for its enforcement. It has undoubtedly been the practice of courts to hesitate before granting summary relief upon a motion, and to afford parties litigant full opportunity of a trial of the issues. When, however, there is no dispute upon the questions of fact relevant to the issue, there seems to be no valid reason why the course of justice should not be speeded by a determination upon a motion. The parties to this action have had their day in a court of competent jurisdiction, where all the defenses here set up were or could have been presented, and it seems to me that, until reversed, the judgment of the Municipal Court is a binding and conclusive adjudication between the parties as to all controverted or issuable facts. Nor is the action for a penalty inconsistent with the present action. As stated by the learned justice in Fire Department v. Koltowsky, Daily Register, August 25, 1885:

"The remedies are independent one of the other. The penalty is imposed as a punishment to the offender. The additional right to remove is given as a protection to the city and its inhabitants."

The illegality of the maintenance of the school sinks having been established in an action where the defendant, among other matters, presented testimony touching the question of the alleged unreasonableness of the provisions of the statute, I do not think the defendant should be permitted to try the identical issues anew in this court. The conclusion to which I have come is strengthened by the fact that upon the trial in the Municipal Court it was stipulated between the parties "that defendant's school sink is flushed at regular intervals at least once a day, but that if not properly flushed it would be dangerous to health; that said school sink was put in prior to 1890, in accordance with an order of the board of health; that school sinks are not self-flushing, and that, if not properly flushed, are dangerous to health." In view of these admissions, and irrespective of the reasons already given, the reception of testimony bearing upon the reasonableness of the enactment would seem to be futile. The concession that school sinks, if not properly flushed, are dangerous to health, would, in my judgment, justify the court in holding that the Legislature did not exceed its police powers by the enactment which is here attacked. If my contention be sound, then, to quote from the opinion in Fire Department v. Gilmour, 149 N. Y. 453, 44 N. E. 177, 52 Am. St. Rep. 748, "it would be no defense to a party who had violated the law to show that in his particular case,

owing to exceptional circumstances, the regulation was unnecessary or unreasonable." The motion will therefore be granted, but, inasmuch as the provisions of the act here assailed have not yet received appellate consideration, I have concluded to stay the enforcement of the order that may be entered herein until the determination of the appeal that has been taken from the Municipal Court judgment, and from any appeal that may be taken from this order, provided said appeals are prosecuted without any delay.

Ordered accordingly.