PEOPLE v. CLARK.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

1. INJUNCTION (§ 135*)—DISCRETION OF COURT.

Agricultural Law (Consol. Laws, c. 1) § 10, provides that, in an action in the Supreme Court for recovery of a penalty for violation of the chapter, the people may apply to the court, or any justice thereof, for an injunction restraining defendant from further violation of the provisions, and that the court or justice shall grant such injunction on proof by affidavit that defendant has been guilty of the violations alleged in the complaint, or of a violation of such provisions subsequent to commencement of the action, and in the same manner as injunctions are usually granted under the rules and practice of the court. *Held*, that it was not the intent to make the provision mandatory, so as to invade the equitable province of the court to take away that discretion vested in it by the Constitution; and under the general rule in the granting of an injunction, that it must be made to appear to the court's satisfaction that there is reason to believe that some action or neglect to act is to be anticipated which will result in injury to the adverse party, the injunction will not be granted where there are no facts before the court tending to show that there is a likelihood that defendant will do or permit anything to be done which will prejudice plaintiff's rights.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 304; Dec. Dig. § 135.*]

2. CONSTITUTIONAL LAW (§ 48*)—STATUTES—PRESUMPTIONS.

Every presumption is in favor of a statute, and if it is open to two constructions, one of which will obey and the other violate the Constitution, the courts will select the former, and no statute will be declared unconstitutional if by any reasonable construction it can be given a meaning in harmony with the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48.*]

Thomas, J., dissenting.

Appeal from Special Term, Kings County.

Action by the People against Robert C. Clark to recover a penalty under Agricultural Law (Consol. Laws, c. 1) § 8. From an order denying a motion for an injunction pendente lite, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and THOMAS, JJ.

Taylor More, for the People.

William C. Breed (Henry H. Abbott, on the brief), for respondent.

WOODWARD, J. This action was brought under the provisions of section 8 of the agricultural law (Consol. Laws, c. 1) for the recovery of certain penalties, and the plaintiff moved the court for an injunction pendente lite under the provisions of section 10 of the same act, which motion was denied, and from the order denying such motion the plaintiff appeals to this court.

Section 10 of the agricultural law provides that:

"In an action in the Supreme Court for the recovery of a penalty or forfeiture incurred for the violation of any of the provisions of this chapter an application may be made on the part of the people to the court or any jus-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tice thereof for an injunction to restrain the defendant, his agents and employés from the further violation of such provisions."

And then provides that:

"The court or justice to whom such application may be made shall grant such injunction on proof, by affidavit, that the defendant has been guilty of the violations alleged in the complaint, or of a violation of any such provision subsequent to the commencement of the action, and in the same manner as injunctions are usually granted under the rules and practice of the court."

There seems to be no reason for doubting that the plaintiff has complied with the conditions prescribed in the statute, and, if the provisions of section 10 are to be construed as mandatory, it was the duty of the court to grant the injunction, unless the Legislature has exceeded its powers in this regard. We are of the opinion, however, that it was not the intention of the Legislature to invade the equitable province of the court, and to take away that discretion which is vested in it by the Constitution. The clause which requires that the injunction shall be granted in the "same manner as injunctions are usually granted under the rules and practice of the court" must be given some effect, and one of the fundamental rules in the granting of an injunction is that it must be made to appear to the satisfaction of the court that there is reason to believe that some action, or neglect to act, is to be anticipated, which will result in injury to the adverse party. When there are no facts before the court tending to show that there is a likelihood that the defendant will do or permit anything to be done which will prejudice the rights of the plaintiff, courts of equity, under the rules and regulations of the court, uniformly refuse to grant injunctions, and that was the case in the matter now up for review.

The fact that the defendant may have violated the statute, which prescribes penalties and is therefore of a penal nature, does not raise a presumption that he will do so again, and it would be a violation of every conception of equity to restrain that which is not threatened, or for which there is not a reasonable ground for anticipating will be done; and it is open to very grave question whether the Legislature has a right to prescribe the conditions under which the Supreme Court, vested with supreme jurisdiction in law and equity, shall exercise the equitable power of enjoining individuals. As every presumption is in favor of a statute, if it is open to two constructions, one of which would obey and the other violate the Constitution, the universal rule of courts is to select the former. No statute should be declared unconstitutional if by any reasonable construction it can be given a meaning in harmony with the fundamental law. People ex rel. Simpson v. Wells, 181 N. Y. 252, 257, 73 N. E. 1025.

By giving to the words "shall grant such injunction" the meaning which is suggested by the remaining clause, and which is meaningless unless thus restricted, the provision does not conflict with the constitutional powers of the Supreme Court, and this is the proper construction of the statute. Permitting the court to grant an injunction under the rules and practice of the court—that is, under the same general conditions which would justify a court of equity in granting

an injunction—is proper, and where, as in the case at bar, there is no reason shown for the granting of a restraining order, the court is justified in refusing to grant the plaintiff's motion. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements.

HIRSCHBERG, P. J., and JENKS, J., concur. BURR, J., concurs in the result, on the authority of Heim v. New York Stock Exchange (decided April 29, 1910) 122 N. Y. Supp. 872. THOMAS, J., though of the opinion that the law is correctly stated, votes to reverse on the facts.