THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CHRIS TEUSCHER, Defendant.

Supreme Court, Oneida County, August 8, 1927.

Agriculture — milk — defendant refused to have herd tuberculin tested under Farms and Markets Law, § 79 — department of farms and markets issued quarantine order under Farms and Markets Law, § 76 — defendant violated order — judgment was recovered for penalties and injunction granted under Farms and Markets Law, §§ 38, 39, based on violation of quarantine order — operation of judgment is suspended pending appeal to Appellate Division.

The defendant, the owner of a herd of dairy cattle, refused to permit the agents of the Department of Farms and Markets to apply the tuberculin test to his herd, as they had the right to do under the circumstances under section 79 of the Farms and Markets Law. The Department of Farms and Markets thereby issued a quarantine order, under section 76 of the Farms and Markets Law, prohibiting the defendant from removing any products of the herd from his farm. The defendant violated this quarantine order, and a judgment was rendered against him for the statutory penalties provided by section 39 of the Farms and Markets Law and for a permanent injunction under section 38 of that law.

The application by the defendant to suspend the operation of the judgment, pending an appeal to the Appellate Division, is granted, in view of the fact that no appellate court has passed upon the question raised, and that the milk produced by the defendant's herd is pasteurized before being placed on sale for human consumption.

The fact that section 38 of the Farms and Markets Law makes the granting of an injunction mandatory, where the plaintiff succeeds in an action to recover penalties, does not deprive the court of the power to suspend the operation of the judgment.

MOTION to suspend the operation of the judgment herein pending an appeal therefrom to the Appellate Division of the Supreme Court, Fourth Department.

*Pratt & Fowler,* for the motion.

*Albert Ottinger,* Attorney-General [*Maurice J. Kaman* and *George L. Flanders* of counsel], opposed.

DOWLING, WILLIAM F., J.  The defendant operates a small dairy farm in the town of Rome, Oneida county, N. Y.  The State of New York, subject to the regulations prescribed under section 79 of article V of the Farms and Markets Law of the State of New York, applied the tuberculin test to at least ninety per cent of the herds within said township.  The defendant refused to have his herd tested and thereupon the State duly quarantined his herd and premises on the 10th of November, 1925, pursuant to the provisions of section 76 of said Farms and Markets Law.  Subdivision 3 of said quarantine notice provided " That no products of the Bovine animals on said premises shall be removed from said premises."  Thereafter, and while said quarantine was in full force, the defendant in willful violation thereof, on July 22, 1926, and September 15, 1926, sold and delivered to the Marcy milk station and Oriskany milk station, respectively, quantities of milk produced on said quarantined premises by said quarantined herd. Upon discovery of such violations, the State of New York promptly instituted this action to recover the statutory penalties provided by section 39 of said Farms and Markets Law, and for a permanent injunction under section 38 of said act.  The case was brought to trial at Utica, in January, 1927, and resulted in a recovery by the plaintiff in the amount of fifty dollars, the minimum amount recoverable for said violations.  (129 Misc. 94.)  On the trial the defendant conceded the facts contained in the complaint, and defended on the unconstitutionality of said act.  Judgment was entered against the defendant March 8, 1927, containing the following provisions:

" Adjudged that the plaintiffs herein recover judgment against the defendant in the amount of Fifty ($50.00) dollars, covering the penalties imposed under and by virtue of the provisions of Section 39 of the Farms and Markets Law by reason of defendant's two violations of Section 76 of the Farms and Markets Law and his failure, refusal or neglect on two specific dates to obey the lawful quarantine order of the Commissioner of Farms and Markets.

" It is further adjudged, that the defendant, his agents, servants and employees, be, and they hereby are permanently restrained and enjoined from the further violation of Section 76 of the Farms and Markets Law, and

" It is further Adjudged that the defendant, his agents, servants and employees, be, and they hereby are permanently restrained

and enjoined from further violation of the provisions of the lawful quarantine order duly issued by the Commissioner of Farms and Markets, and

" It is further Adjudged, that the defendant, his agents, servants and employees, be and they hereby are permanently restrained and enjoined from removing or causing to be removed from the quarantined premises of the defendant herein any product or products of the defendant's untested herd of bovine animals, and

" It is further Adjudged that Section 76 of the Farms and Markets Law is in all respects constitutional and that it is in no way an unreasonable or unwarranted exercise of the police power upon the part of the Legislature of the State of New York and that the provisions of the said Section 76 of the Farms and Markets Law and the quarantine order of the Commissioner of Farms and Markets issued thereunder are not violative of any of the provisions of the Constitution of the state of New York or of the Constitution of the United States."

On March 10, 1927, defendant appealed from said judgment to the Appellate Division, Fourth Department. The case was not settled in time to be heard at the May, 1927, term of said court; consequently this application is made for an order suspending the operation of the restraining clauses of said judgment pending the disposition of said appeal.

At the time of the trial the defendant was disposing of the milk of said herd in direct violation of the said notice of quarantine by delivering it to a station located at Oriskany, N. Y., said milk being pasteurized and used for human consumption. Upon the trial herein it appeared that milk from tubercular cattle is wholesome for human consumption if properly pasteurized. The plaintiff, prior to the trial, sought by motion to obtain a temporary restraining order prohibiting defendant from violating said quarantine, but the Special Term denied its motion because of the imminence of the term at which said case was tried.

Since the entry of said judgment defendant has not submitted his herd to the tuberculin test, nor has he violated the aforesaid injunction. Owing to the provisions of said injunction, defendant is forbidden to market the products of his herd, and on account thereof is unquestionably sustaining heavy losses for which he may never be compensated if he should succeed upon his appeal. It is true that his stiff-necked resistance to the law has brought upon him the losses he is now sustaining, but he is within his rights in defending himself against the enforcement of a law which he believes to be unconstitutional.

This plaintiff contends that in view of the fact that section 38

of the Farms and Markets Law makes the granting of an injunction mandatory, where the People succeed in this kind of action, that this court has no power to suspend the operation of the judgment herein. There is no force in this contention. (See *Tenement House Dept.* v. *Moeschen*, 41 Misc. 446, 450, 451; *Genet* v. *President, etc., D. & H. C. Co.*, 113 N. Y. 472, 475; *People* v. *Clark*, 139 App. Div. 687; 1 Joyce Inj. § 667, p. 978; 3 C. J. § 1405, ¶ 2, p. 1281; Baylies N. T. & App. 383, 384.)

The suspension of the operation of the judgment herein pending appeal in no way modifies or changes any provision of the said judgment. It merely suspends its operation. The taking of the appeal herein does not serve to stay the operation of said judgment. (*Genet Case, supra.*) By suspending the operation of the judgment herein, the parties will be placed in the identical position in which they were at the time of the trial.

If the defendant were forced, by stress of circumstances, to submit his herd to a tuberculin test, in order to support himself and his family, the question involved in the appeal taken by him, so far as he is concerned, would become academic. The law demands no such sacrifice upon the part of a citizen who is seeking to have his rights determined in an orderly way.

The State contends that to permit defendant to sell his milk pending this appeal will work a possible injury to the health of those who consume it. I think a proper pasteurization of said milk will render it entirely safe for consumption, at least experts on the subject so contend.

In view of the fact that no appellate court of this State has passed upon the questions involved in this appeal, I think it only just and equitable that the operation of the judgment herein should be suspended pending the determination of the appeal herein in the Appellate Division.

An order is granted, without costs, suspending the operation of said judgment pending the disposition of said appeal in the Appellate Division only, on the following conditions, viz.: (a) The milk produced by said herd shall be transported in closed metal forty-quart cans and delivered only to stations where it shall be properly pasteurized before being offered for sale for human consumption. (b) No butter or cheese shall be manufactured on defendant's premises from the milk of his said herd, except for his own and his family's personal use. (c) Defendant shall file (if he has not already done so) the usual undertaking to stay execution on appeal.