DAVID A. HOAG, Plaintiff, *v.* ROCHESTER PRINTING COMPANY, Defendant.

Supreme Court, Ontario County, April 15, 1929.

*Hubbell, Taylor, Goodwin & Moser.* for the defendant, for the motion.

*Sebring & King,* opposed.

Rodenbeck, J. The second action is substantially identical with the first action, except as to the demand for relief. Both actions are based upon section 51 of the Civil Rights Law (as amd. by Laws of 1921, chap. 501), with incidental allegations appropriate to an action for libel. The first action demands an injunction and damages, while the second action merely asks for damages. The complaint in the second action should be dismissed. The plaintiff may recover in the first action all of the damages that he is entitled to, and it is in the discretion of the court to have the damages assessed by a jury. The two causes of action arise out of the same transaction, and the plaintiff is entitled to one recovery, and, having commenced an action, he will not be allowed to split his cause of action. " We are of opinion that the plaintiff can have only one recovery in the premises and that it must be in this action. The terms of the statute are very broad and they include all of the damages sustained by the plaintiff. It would be difficult to avoid a double recovery if the jury were to be permitted in one action to give damages under the statute for a violation of rights protected thereby, and in another action for the libel based on the same act." (*Binns* v. *Vitagraph Co.,* 210 N. Y. 51, 59.)

The complaint in the second action is dismissed, with ten dollars costs of motion.

So ordered.