SIDNEY FRANKLIN, Respondent, *v.* COLUMBIA PICTURES CORPORATION, Appellant.

First Department, December 27, 1935.

*Louis D. Froelich* of counsel [*Herman Finkelstein* and *Irving Moross* with him on the brief; *Nathan Burkan,* attorney], for the appellant.

*Milton J. Teiger,* for the respondent.

GLENNON, J. The respondent united in the same complaint three causes of action all of which arose out of the exhibition of a motion picture wherein respondent without his permission was shown upon the screen.

The first count was based upon a violation of sections 50 and 51 of the Civil Rights Law; the second upon the libelous matter which was used in connection therewith; the third upon slander which grew out of the remarks which accompanied the showing of the picture. There were, therefore, united in one complaint three different grounds of liability upon which a judgment in the sum of $7,000 was entered.

The trial court in a short opinion stated in effect that the sum of $2,500 was allowed for the violation of respondent's civil rights, $2,500 for the libel, and $2,000 for the slander, but as we have seen awarded only one judgment.

Prior to trial no claim was advanced by the appellant that the causes of action had been improperly united, nor was any motion made to compel respondent to make an election. Upon the trial however, the appellant asked that the respondent be required " to elect as to which of these three causes of action as stated by him in the complaint he expects to stand on." The court denied the motion.

The point has been made by the appellant that the court erred in making an award which was based upon the several causes of action. It is undoubtedly true that respondent could have obtained all the damages he suffered in a cause of action based solely upon a violation of his civil rights. In *Binns* v. *Vitagraph Co.* (210 N. Y. 51) the Court of Appeals held in effect that all damages accruing under circumstances such as we have here are recoverable in a civil rights action. In writing for the court in that case, Judge CHASE said (at p. 59): " We agree with the opinion of the Appellate Division in which it is said: ' We are of opinion that the plaintiff can have only one recovery in the premises and that it must be in this action. The terms of the statute are very broad and they include all of the damages sustained by the plaintiff. It would be difficult to avoid a double recovery if the jury were to be permitted in one action to give damages under the statute for a violation of rights protected thereby, and in another action for the libel based on the same acts.' "

There the court had under review the question as to Binns' right to recover for libel as part and parcel of his cause of action for a violation of his civil rights. Here the court had under consideration a liability which arose out of the libel and slander in connection with the unlawful exhibition of respondent's picture. If the matter contained in the second and third counts had been pleaded as a part of the first cause of action the court necessarily would have considered the libel and slander as elements of damage in making up the award. The net result was a just one and should not be disturbed on mere technicalities.

We believe, however, that the judgment in the sum of $7,000 was excessive and should be reduced to the sum of $5,000. The other points urged by the appellant are without merit. The judgment appealed from should be modified accordingly, and so modified affirmed, without costs.

MARTIN, P. J., MCAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment modified as indicated in opinion, and as so modified affirmed, without costs. Settle order on notice reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.