IDA K. AUERBACH, Respondent, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK and Others, Appellants, Impleaded with PENNSYLVANIA COMPANY FOR INSURANCE ON LIVES AND GRANTING ANNUITIES and Others, Defendants.

First Department, June 11, 1937.

*Arthur John Keeffe* of counsel [*Einar B. Paust* and *Edward D. Gasson* with him on the brief; *Milbank, Tweed, Hope & Webb,* attorneys for The Chase National Bank of the City of New York; *Newman & Bisco,* attorneys for the Manufacturers Trust Company; *Lewis & Kelsey,* attorneys for the Hibernia Trust Company], for the appellants.

*Norman Winer* of counsel [*Bondy & Schloss,* attorneys], for the respondent.

DORE, J. This appeal is from an order denying defendants' motion to strike the case from the jury calendar and place it on the Special Term calendar.

The complaint sets forth three causes of action. In the first plaintiff alleges that, by undue influence and duress, the moving defendants caused her, on February 20, 1930, to join with her husband in a deed of his factory to the defendant 636 Eleventh Avenue Corporation; that at the time of the conveyance the factory had a fair market value of $4,792,004.23; and that plaintiff's inchoate dower interest therein was $166,511.74. Plaintiff's husband is still living and is a party defendant to the action, but no charge of duress or fraud is made against him. The second cause of action is for damages for fraud; the third, for damages for alleged breach of contract, both are predicated upon substantially the same facts as the first cause, and are clearly actions at law. The prayer for relief, which is not determinative of the character of the action (*Jones* v. *Gould, No. 2,* 123 App. Div. 236, 238), is for damages in the sum of $166,511.74, applicable to all three causes, and representing the alleged value of plaintiff's inchoate right of dower.

An inchoate dower right is not an estate or interest in land but a contingent claim, a possibility of acquiring dower by outliving the husband; it arises not out of contract but as an institution of law constituting a mere chose in action incapable of transfer by separate grant or conveyance, but susceptible of extinguishment,

which is effected by the wife joining with the husband in a deed which operates as a release or satisfaction of the interest, and not as a conveyance. (*Witthaus* v. *Schack*, 105 N. Y. 332, 336; 1 Reeves Real Property, § 465; Real Prop. Law, § 190, as in effect prior to amendment effective Sept. 1, 1930, which is not applicable here.) It is, however, a valuable subsisting separate and distinct interest which will be protected by a court of equity setting aside its release if procured through duress, or if such relief is inadequate or is not sought by the party aggrieved, a court of equity can compute the present value of the wife's contingent dower right and impound funds until it is determined whether the wife will survive her husband and become entitled thereto, or otherwise secure payment in such manner as is calculated to protect equitably the rights and interests of the parties.

The first cause of action as alleged is not an action " for dower," nor is it " for a sum of money only " (Civ. Prac. Act, § 425; Real Prop. Law, § 460; *Clifford* v. *Kampfe*, 147 N. Y. 383 [1895]; *Mutual Life Ins. Co.* v. *Shipman*, 119 id. 324, 331 [1890]); and we hold that it states a cause in equity requiring equitable relief. As the second and third causes are at law, the plaintiff, by joining them with a cause in equity, has waived her rights to a jury trial. (*Carroll* v. *Bullock*, 207 N. Y. 567; *DiMenna* v. *Cooper & Evans Co.*, 220 id. 391.)

Nor can plaintiff's contention that the first cause of action is an action at law for money had and received be sustained. (41 C. J. 33; *Mayer* v. *Metropolitan Traction Co.*, 165 App. Div. 497; *Weston* v. *Brown*, 158 N. Y. 360, 368.) Here the defendant purchaser received from the plaintiff neither money nor property which it could turn into money. Plaintiff's inchoate right of dower was property, from which she released the land which her husband sold, but upon such release it did not pass to any one else. If the release were obtained by fraud or duress it could be set aside or the defendants compelled to assure compensation therefor in equity, but, because of its intangible nature, being subject to extinguishment unless she should survive her husband, no form of action at law is available to her.

The statutory provisions relating to action of foreclosure, partition, ejectment and dower have no application to the first cause of action. Plaintiff cites no decision and none has been found where protection of an inchoate right of dower has been enforced solely through admeasurement of its present value in damages by a jury's verdict.

More than twenty days having elapsed since joinder of issue herein, plaintiff is prevented, under rule 157 of the Rules of Civil

Practice, from making application to frame issues in the equity suit and secure an advisory verdict thereon.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.