GRACE ASHLEY, Plaintiff, *v.* GIMBEL BROS., INC., Defendant.

Supreme Court, Trial Term, New York County, October 28, 1938.

*Joseph Dannenberg* [*Julius M. Arnstein* of counsel], for the plaintiff.

*Chadbourne, Wallace, Parke & Whiteside* [*Charles Pickett* of counsel], for the defendant.

HOFSTADTER, J. The cause of action in libel having been discontinued, the only questions to be determined are under the Civil Rights Law.

The plaintiff's rights under the statute were violated. Mr. Justice McCook apparently believed that there was no ground for apprehending a repetition of the single publication — and he denied a temporary injunction. No good reason appears now for granting injunctive relief. (*Nann* v. *Raimist,* 255 N. Y. 307; *Exchange Bakery & Restaurant, Inc.,* v. *Rifkind,* 245 id. 260; *Shaw's Jewelry Shop, Inc.,* v. *New York Herald Co.,* 170 App. Div. 504; affd., 224 N. Y. 731; *People* v. *Clark,* 139 App. Div. 687; *Moser* v. *Press Publishing Co.,* 59 Misc. 78.)

But the plaintiff is entitled to such damages as she may have sustained, and the real controversy here is as to the manner in which they are to be ascertained. The plaintiff insists that she is entitled, as a matter of *right*, to have them assessed by a *jury*. The defendant contends that the mode of assessment is a matter of *discretion* and that there is no warrant for sending the issue to a jury and that the damages, if any, should be fixed by the *court* or *referee*. I adopt the views so cogently urged by the defendant's memorandum.

The plaintiff's assumption is that the statute requires all remedies under it to be prosecuted in a single action and argues that necessarily it contemplated the survival of the right to a jury trial. But the assumption is without validity, and her conclusions erroneous. A careful reading of the statute, and noting the particularity of its language, makes it quite clear that under it two *separate* actions may be maintained *severally* — one for damages and one for injunction — or an action may be brought for damages only, or for injunction only, as the aggrieved person may be advised. (See *Riddle* v. *MacFadden*, 201 N. Y. 215, 220.) Very likely, if two actions were brought, consolidation could be effected and in that event the order of consolidation would protect the plaintiff's right to a jury trial of the issue at law. (*Goldey* v. *Bierman*, 201 App. Div. 527.)

Where, however, a demand for damages is *part* of the relief sought in an *equitable* action for injunctive relief in accordance with traditional practice, the plaintiff has no *right* to a jury trial and damages may be assessed in such manner as the discretion of the court dictates. In such event it may be said that there has been a waiver of the right to a jury trial (which plaintiff would have been entitled to had a separate action for damages been brought) " or, perhaps, more strictly speaking, the abandonment of an intention to seek that mode of trial." (Bijur, J., in *Jacob* v. *Schiff*, 149 N. Y. Supp. 273, not officially reported; *Hoag* v. *Rochester Printing Company*, 134 Misc. 283. See, also, *Di Menna* v. *Cooper & Evans Company*, 220 N. Y. 391; *Carroll* v. *Bullock*, 207 id. 567; *Auerbach* v. *Chase National Bank*, 251 App. Div. 543; *Hessler* v. *North River Insurance Co.*, 211 id. 595.)

Sometimes the issue has been sent to a jury — apparently without objection from the defendant. In other cases the issue has been determined by the court directly or through a referee. (See *Franklin* v. *Columbia Pictures Corp.*, 246 App. Div. 35; affd.; 271 N. Y. 554; *Jung* v. *Yeblon & Co.*, N. Y. L. J. Dec. 17, 1932, pp. 2838, 2839; *Luckner* v. *Associates Sports Club, Inc.*, Id. Aug. 9, 1932, p. 492; *Schellberg* v. *Empringham*, 36 F. [2d] 991.)

Such cases as *Binns* v. *Vitagraph Co.* (210 N. Y. 51) and *Riddle* v. *MacFadden* (*supra*) do not militate against the conclusion

reached. The *Riddle* case dealt only with the question of the essential nature of the action as affecting the question of appealability as a matter of right. And in the *Binns* case it was purely fortuitous that the damages were assessed by a jury. It does not hold by implication that the plaintiff had a right to have had them so determined. Its holding is that where damages are recovered for a violation of the Civil Rights Law no other action for damages — as for libel — may be maintained — and conversely. The question of practice raised by plaintiff here was not passed on by the Court of Appeals — it could not have been passed upon because it was not raised at either trial or on either of the two appeals to the Appellate Division. Awarded incidentally to injunctive relief, assessment of damages by a jury evidently was ordered in the exercise of discretion.

I conclude, then, that the plaintiff has no right to have the issue of damages determined by a jury. Nor in the exercise of discretion do I deem it appropriate or necessary. Indeed, the plaintiff had every opportunity of proving her damages, if any, on the trial. But she did not choose to do so — acting on the view that she had a right to a jury verdict. I am convinced that the plaintiff was sincere in the expression of this view, and, therefore, she should not be precluded from the opportunity of proving her damages, now that the court has decided against her on this question. Hence an interlocutory judgment in favor of the plaintiff is granted, denying any injunctive relief but providing for a reference on the question of damages. Settle interlocutory judgment accordingly.