ARSENE GAUTIER, Plaintiff, *v.* PRO-FOOTBALL, INC., et al., Defendants.

City Court of the City of New York, Trial Term, New York County, June 26, 1950.

*Louis P. Randell* and *Harold M. Goldblatt* for plaintiff

*Walter R. Barry* for American Broadcasting Co., Inc., and others, defendants.

BRADY, J. This is an action to recover damages for violation of plaintiff's rights under section 51 of the Civil Rights Law, based on the claim that the defendants used, for advertising purposes, plaintiff's picture and name in televising the plaintiff and his animal act, without his consent.

Plaintiff is a well-known theatrical performer who trains animals and produces and presents acts with animals. On December 5, 1948, plaintiff performed his act with ponies, dogs and monkeys, between the halves of a football game in Griffiths Stadium in Washington, D. C., under a contract with the defendant Pro-Football, Inc., which provided that he was not to be required to perform directly or indirectly for television.

Shortly before his performance plaintiff claims that for the first time he learned that the defendants intended to televise his performance. He testified that he objected, saying that he was not prepared for a television performance, that he was not being paid for television and that he was only engaged to perform for the spectators at the game. This telecast was made by defendant, American Broadcasting Co., Inc., on behalf of defendant Liggett & Myers Tobacco Co., which manufactures and sells Chesterfield cigarettes, through an arrangement made by its advertising agency, defendant, Newell-Emmett Co., who paid defendant, American Broadcasting Co., a substantial fee for televising the above show.

The telecast originated in Washington, D. C., over television station WMAL-TV, which transmitted the program to WJZ-TV'S master control board in New York City. From there, defendant, American Broadcasting Co., Inc., broadcast the television show including plaintiff's performance by its transmitters over its station WJZ-TV. The spoken portion of the program was carried by direct wire from Washington to WJZ-TV for which the American Broadcasting Co., Inc., employed its own announcer.

Programs televised by WJZ-TV reach an area within a forty-mile radius from New York City, in which area there were in December 1948, approximately 370,000 television sets in use. The program involved in the present action which was televised, received a rating indicating that approximately 17,390 television sets viewed the game.

It is plaintiff's contention, that the use of his name and picture without his consent for the purpose of advertising Chesterfield cigarettes, was a violation of section 51 of the Civil Rights Law which provides as follows: " Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided * * * may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by the last section, the jury, in its discretion, may award exemplary damages."

Defendants claim not only that plaintiff consented to the televising of his act but also that the entire program constituted a public event and news which did not require plaintiff's consent. Defendants also suggest that the violation of plaintiff's rights, if any, took place in Washington and not in New York.

Although this may be the first civil rights case in this State involving television, the law has been firmly established, that under our civil rights statute, no person or corporation has the right in this State to use any person's picture or name for advertising purposes or purposes of trade, without his written consent. (*Franklin* v. *Columbia Pictures Corp.*, 246 App. Div. 35, affd. 271 N. Y. 554; *Binns* v. *Vitagraph Co.*, 210 N. Y. 51.)

The fact that the defendants in this case used a television camera instead of a motion picture camera for the projecting of plaintiff's picture, makes no difference.

I find that the plaintiff's name and picture were used by defendants for advertising purposes, and that the program did not constitute a public event or news, and that the plaintiff made a formal objection to such use of his name and picture, that the broadcasting took place in New York, although sent from Washington, D. C. to New York. The plaintiff did not waive his rights, nor consent to the broadcast and is entitled to damages.

Motions to strike out testimony denied. Judgment for plaintiff against defendants (except Pro-Football, Inc., which was not served) for $500. Ten days' stay; thirty days to make a case.