THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, Appellant, *v.* JOHN GILMOUR, Respondent.

1. NEW YORK CITY — REASONABLENESS OF ORDER OF FIRE DEPARTMENT AS TO STORAGE OF COMBUSTIBLES MAY BE CONTESTED IN ACTION FOR PENALTY.   Where the legislature enacts no general rule of conduct, but, as by section 463 of the New York City Consolidation Act (Laws of 1882, chap. 410), invests a subordinate municipal board, such as the board of commissioners of the fire department of the city of New York, with the power to investigate and determine the fact whether, in any special case, any use is made of property for purposes of storage, dangerous on account of its liability to originate or extend a conflagration, not prescribing the uses which it permits or disallows, the reasonableness of the determination of the board, or of the order prohibiting a particular use in accordance with such determination, is open to contestation by the party affected thereby, and he is entitled, when sued for the penalty for disobedience of the order, to show that the order was unreasonable, unnecessary and oppressive.

2. NOTICE AND HEARING.   It is not essential to the validity of an order of the commissioners of the fire department of the city of New York for the securing or removal of combustibles on private premises, under section 463 of the Consolidation Act (Laws of 1882, chap. 410), that the person affected thereby should have been notified of the precedent investigation of his premises by the agents of the fire commissioners, or that he should

have been afforded an opportunity to be heard before the order was made.

*Fire Dept. of N. Y.* v. *Gilmour*, 4 Misc. Rep. 202, affirmed.

(Argued April 23, 1896 ; decided May 26, 1896.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made on the first Monday of March, 1893, which reversed a judgment in favor of plaintiff, rendered by a District Court of the city of New York on trial without a jury, and granted a new trial.

This action was brought in a District Court in the city of New York to recover of the defendant a penalty of $25 for neglect on his part to obey an order dated May 21, 1892, purporting to have been made under the authority of the board of commissioners of the fire department of the city of New York, requiring him, within five days from the service of the order, to build a wall of stone, brick or other fire-proof material, not more than eighteen feet in height, around the yard of premises 87 White street in the city of New York, in rear of the building thereon, and prohibiting him from storing in the yard boxes of wood to a height above a point 12 inches below the top of the wall. The defendant occupied the building and yard 87 White street, using the yard (a space about 60 by 35 feet) for the storing of packing boxes manufactured by him at another place, and had so used the yard for a period of about fourteen years. The boxes were piled at times as high as twenty to thirty feet. The order contains a recital that the packing boxes so stored were combustible and were kept and stored in such quantity as to be dangerous, " and the same is considered dangerous in causing and promoting fires and prejudicial to the safety of life and property, and in its present condition a violation of law."

The order refers to chapter 410 of the Laws of 1882 (Consolidation Act) as the basis of the order. By section 463 of that act the board of fire commissioners and its officers and agents under their direction, or the direction of either of the commissioners, are empowered to " enter any building or prem-

ises where any merchandise, gunpowder, firewood, boards, shingles, shavings, etc., etc., or other combustible materials may be lodged, and upon finding that any of them are defective or dangerous, or that a violation of this title exists therein, may deliver a written or printed notice containing an extract from this title of the provisions in reference thereto, and notice of any violation thereof and notice to remove, amend or secure the same within a period to be fixed therein." The section proceeds to declare that in case of neglect or refusal on the part of the occupant or of the possessor of such combustible materials "so to remove or amend or secure the same within the time and in the manner directed by the said commissioners in such notice, the party offending shall forfeit and pay in addition to any penalty otherwise imposed the sum of twenty-five dollars and the further sum of five dollars for each day's neglect," etc. Attached to the notice and order served on the defendant was a copy of section 463 and also of section 467 of the act.

The surveyor of combustibles was the only witness sworn on the trial. He testified that he made an inspection of 87 White street, and was directed before going there to report against the place "if they did not have a proper wall around it and a large number of boxes were stored there." He made the report and the order was thereupon issued. The defendant sought to show by the witness facts bearing upon the condition of the premises, their surroundings and the absence of danger of conflagration from the boxes piled in the yard. Most of the questions put to the witness bearing upon the question of the propriety or reasonableness of the order were excluded by the justice on the ground that the court could not consider the matter. The defendant on the conclusion of the plaintiff's case offered to prove by two witnesses a variety of facts which were enumerated, bearing upon the question of the reasonableness of the order, and to show that the use made by him of the premises did not involve any danger of fire beyond the ordinary danger attending the ordinary uses of property. The justice refused to hear the evidence, saying

" the question before the court is, has there been a refusal to comply with the order of the board? The court regrets that it can't go into the question whether the order was necessary or whether the department acted properly." The court rendered judgment for the plaintiff for the penalty given by statute, which was reversed on appeal to the General Term of the New York Common Pleas, and from the order of reversal the plaintiff brings this appeal.

*William L. Findley* for appellant. The fire commissioners had jurisdiction to make the order, for refusing to comply with which this action was brought. (Laws of 1882, chap. 410, §§ 463, 467.) As an exercise of the police power, this statute is within the authority vested in the legislature for the general good. (*Health Dept.* v. *Rector, etc.,* 145 N. Y. 32; *Metr. Bd. of Health* v. *Heister,* 37 N. Y. 662.) The perils of fire and the necessity of protection against its ravages are sufficient justification for the regulation of the use of property under the police power. (*Fire Dept. of N. Y.* v. *A. S. S. Co.,* 106 N. Y. 566; *People ex rel.* v. *D'Oench,* 111 N. Y. 359; *People* v. *Budd,* 117 N. Y. 1; *In re Jacobs,* 98 N. Y. 98; *Allen* v. *Taunton,* 19 Pick. 485; *People* v. *King,* 110 N. Y. 418.)

*Hector M. Hitchings* and *Edward J. Dunphy* for the respondent. Sections 463 and 467 of chapter 410 of the Laws of 1882 do not make the fiat of the fire commissioners absolute and irreviewable, as supposed by the trial justice. (*Mayor, etc.,* v. *D. D., E. B. & B. R. R. Co.,* 133 N. Y. 104; *Health Dept.* v. *Rector, etc.,* 145 N. Y. 32; *Sage* v. *City of Brooklyn,* 89 N. Y. 189.) The statutes in question give to the fire department of New York city no power or authority to make the order which was made in the case at bar. (*People* v. *Woodruff,* 32 N. Y. 364; *Smith* v. *People,* 47 N. Y. 336.) The exclusion of all testimony upon the trial tending to show non-dangerous character of the premises, and the unreasonableness of the order of the fire department, was clearly erroneous. (*Mack* v. *Kitsell,* 20 Abb. [N. C.] 293; *Smith* v. *E. S. Bank,* 2 N. Y. Supp. 617.)

ANDREWS, Ch. J.    The action was tried and determined by the justice of the District Court upon the theory that the determination of the board of fire commissioners that the use made by the defendant of the yard of his premises for the piling of boxes was dangerous, as being likely to cause or promote a conflagration to the prejudice of life and property, was conclusive, and not open to inquiry in an action brought for the penalty given by section 463 of the Consolidation Act. It was upon this view of the law that the justice excluded the evidence offered by the defendant to show that, in fact, the use made by him of the yard did not involve any unusual risk of fire, either from the inherent nature of the property stored therein, or in promoting a conflagration originating on adjacent premises.    This, the justice declared, he could not consider, but was confined to the simple inquiry whether the order of the board of commissioners had been disobeyed.

We think the justice erred in the principle upon which he proceeded.

There can be no doubt of the power of the legislature to enact regulations for the protection of cities or villages against the serious dangers from conflagrations.    It is one of the subjects to which the police power of the state extends, and there is no one in the wide range of this power upon which the legislature has more frequently acted.    It may directly enact a code of regulations applicable to exposed localities, or, as is more commonly done, it may invest municipalities with the power to pass ordinances regulating the subject.    The authority given in most charters of municipalities to the legislative body to fix fire limits, to prohibit the erection of buildings therein of wood or other combustible materials, the storing of gunpowder or other explosive compounds in quantities and under circumstances hazardous to life and property, are among the familiar instances of the delegated power.    Regulations on this subject are restrictions of personal freedom and the free use of property.    But they are justified by public necessity and so are within the acknowledged power of the legislature.    The legislature by section 463 of the Consolidation Act

conferred upon a subordinate department of the city government the power to determine in specific cases whether the use of property for storage of combustible materials by the owner or occupant was a menace to the public safety, and upon the determination of the board of commissioners that such use was dangerous, authorized an order to be made by the board for the discontinuance of such use or the regulation thereof, upon disobedience to which the owner or occupant is subjected to a a penalty. It is manifest that if an irreviewable discretion is thereby lodged in the board, and the citizen is precluded in a suit for the penalty from contesting the reasonableness of an order made, the board is vested with a power of the most arbitrary description, liable to great abuse, a power which, though in terms vested in the board of commissioners is, sometimes at least, as the evidence in this case shows, in fact wielded by the subordinate appointees in the name of the department. It would have been competent for the legislature to have enacted a general regulation prohibiting the piling of boxes or masses of combustible material in yards or open spaces in the populous and defined districts within a city, and such an enactment every citizen would be bound to obey, and where sued for a penalty it would be no defense to a party who had violated the law, to show that in his particular case, owing to exceptional circumstances, the regulation was unnecessary or unreasonable. The will of the legislature would stand as the reason for the rule, and being general, no one, however situated, could escape its obligation, unless indeed he could establish that passing beyond the police power it involved some right of person or property protected by the Constitution. In other words,, where the legislature in the exercise of the police power enacts a regulation defining the duty of citizens, either in respect to their personal conduct or the use of their property, the reasonableness of the thing enjoined or prohibited is not an open question, because the supreme legislative power has determined it by enacting the rule. (See Dil. on Mun. Corp. § 328 and cases cited.) But where the legislature, as in the present case, enacts no general rule of conduct, but invests

a subordinate board with the power to investigate and determine the fact whether in any special case any use is made of property for purposes of storage, dangerous on account of its liability to originate or extend a conflagration, not prescribing the uses which it permits or disallows, then we are of opinion that in such cases the reasonableness of the determination of the board or of the order prohibiting a particular use in accordance with such determination, is open to contestation by the party affected thereby, and that he is entitled, when sued for a disobedience of the order, to show that it was unreasonable, unnecessary and oppressive. The general rule in respect to the validity of ordinances of a municipal corporation, passed under a general or implied authority to enact ordinances to secure the welfare of the people of the municipality, is that they must be reasonable, and are void if not so. The courts do and doubtless should exercise great caution in interfering with the exercise of police regulations enacted under general powers conferred upon municipal corporations or subordinate public agents. But the public interests are also subserved in protecting citizens against unnecessary, unreasonable and oppressive regulations, interfering with a reasonable use of their property or their freedom of action. It was not necessary in this case that the defendant should have been notified (as he was not) of the investigation made of his premises by the appointees of the fire commissioners, or that he should have been afforded an opportunity to be heard before the order was made. (*Health Department, etc.*, v. *Rector, etc.*, 145 N. Y. 32.) But we think he was entitled to contest in the action for the penalty the reasonableness of the order made and the facts upon which it proceeded. (*People ex rel. Copcutt* v. *Board of Health*, 140 N. Y. 1; *Health Dept.* v. *Rector, supra; City of Salem* v. *E. R. R. Co.*, 98 Mass. 431.)

For the denial of this right we think the order should be affirmed.

All concur.

Order affirmed.