THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LOUIS ELKIN, Defendant.

City Court of Mount Vernon, Sitting as Court of Special Sessions, July 10, 1948.

*Harold Borgwald, Corporation Counsel (Henry L. Hecht* and *Walter B. Solinger* of counsel), for plaintiff.

*Cribari & Scapolito* for defendant.

KRAUSS, J. The defendant is charged with a violation of section 5.27 of article 5 of the Building Code of the City of Mount Vernon, which reads as follows: '' No building, structure or premises within the fire limits, unless heretofore legally occupied or used for such purpose, shall hereafter be occupied or used as a lumber yard, cooperage or place for the storage of new or second-hand lumber, empty packing boxes or similar inflammable material, nor as a sawmill, feed, flour or grain mill, except by special permission of the Common Council after approval by the Commissioner.''

Section 2.2 defines '' premises '' as meaning '' land '', including improvements.

By section 5.2 of the same article, '' fire limits '' are defined as embracing '' Business Districts or Industrial Districts ''.

Upon the trial, it was conceded that the premises set forth in the information are located within the industrial district. Moreover, the court is required to take judicial notice of this fact. (Mount Vernon City Charter, § 187-a; L. 1922, ch. 490, as amd. by L. 1930, ch. 750, § 6.)

It is claimed that the defendant violated the foregoing section in that on given dates, he stored empty packing boxes on said premises. The proof amply supports the charges set forth in the information, and is uncontradicted. The evidence is to the effect that the defendant stored a huge quantity of empty packing boxes on a large area of the premises, in serried ranks, reaching a height of about six feet.

Both at the opening of the trial and at the conclusion thereof, the defendant moved to dismiss the information, contesting the constitutionality of the ordinance.

The defendant urges that the ordinance is defective in two particulars as follows:

(1) That the ordinance is a zoning regulation, and was not enacted pursuant to section 25 of the Zoning Ordinance of the City of Mount Vernon, requiring changes therein to be made upon public notice and hearing.

(2) The issuance of a permit depends upon the arbitrary will of the common council in that it fails to prescribe a uniform rule applicable alike to all.

The first objection must fall for a variety of reasons.

It is well established beyond dispute that courts will presume in favor of the constitutionality of a law, until the contrary is made to appear. The act is presumptively valid, and whoever questions its validity, carries the burden of establishing its invalidity (*People* v. *West,* 106 N. Y. 293, 295–296). This presumption attaches to the process of enactment. The legal presumption is that it was correctly passed (*Board of Supervisors of Chenango Co.* v. *People ex rel. Scott,* 1 Seld. Notes 99). The rule is a salutary one, for without it, no law could be enforced without the prerequisites of establishing a strict compliance with the procedural processes controlling the situation. Yet, here, there is no evidence of failure of compliance in any respect.

Furthermore, the court does not construe this ordinance as a zoning law. " Zoning " has properly been defined as districting (*Matter of Van Auken* v. *Kimmey,* 141 Misc. 117). In that case, the court held that setback restrictions do not constitute zoning. Zoning regulations may extend beyond strict considerations of health and safety and include æsthetic considerations (*Baddour* v. *City of Long Beach,* 279 N. Y. 167). The authority for zoning is by delegation from the State Legislature. (General City Law, § 20, subds. 24, 25.)

Section 20 of the General City Law is designed to set forth in separate detail the various municipal powers of a city, and sub-

division 12 specifically provides: " To prevent and extinguish fires and to protect the inhabitants of the city and property within the city from loss or damage by fire or other casualty ".

This section is amplified by subdivision 22 which authorizes the regulation of any of the thereinbefore described items by ordinance, and to provide for the enforcement thereof. Thus, a penal statute enacted by a municipality to enforce its general powers to protect health (General City Law, § 20, subd. 13) was held good (*Fougera & Co.* v. *City of New York*, 224 N. Y. 269). Similarly, penal statutes based on the power of fire prevention have been upheld (*Fire Dept. of City of N. Y.* v. *Gilmour*, 149 N. Y. 453). This court is satisfied that the ordinance in question is not intended as a zoning restriction, but rather as a measure of fire prevention.

This conclusion is supported by an interpretation of the ordinance. Besides specifically restricting its application to " fire limits ", it forbids the storage of " new or second-hand lumber, empty packing boxes or similar inflammable materials ". Every court, in construing a statute, must make use of its ordinary common sense and matters of general knowledge. Dried lumber and empty packing cases are recognized as potential fire hazards (cf. *Fire Dept. of City of N. Y.* v. *Gilmour, supra*). The common council recognized it as such, as is indicated by the use of the words " or other inflammable material ", which, in its own right, would eventually be construed according to the rule of *ejusdem generis.*

However, even assuming that this were a zoning ordinance, it would not be void for want of public notice and hearing, were such elements shown to be lacking. In this respect, the case of *Welch* v. *City of Niagara Falls* (210 App. Div. 170), cited by defendant, is not controlling. That case turned upon the question of power in the common council. The court held, in effect, that the ordinance was invalid because it was not adopted in accordance with the city charter, which, in itself, is a legislative grant, and proscribes the authority of the city.

In the case at bar, however, the requirement for public notice and hearing is set forth in section 25 of the Zoning Ordinance of the City of Mount Vernon. It is a self-prescribed limitation, enacted by the very body which is now charged with having violated it. Thus, it clearly cannot serve as a delimitation of the greater power vested in it by the State. In the case of *Smith* v. *Helmer* (7 Barb. 416) the court had occasion to consider an analogous situation, and there interpreted the notice required

in an act created by the very body charged with disregarding it, as an attempt to guard against fraud and surprise, and to prevent hasty and improvident legislation, and determined that failure to give such notice did not affect the validity of the act.

Passing now to a consideration of the question of failure to prescribe a uniform rule for permits to be issued, it is to be observed that such permits are to be issued only upon approval of the common council. While it is true, that the ordinance provides " after approval by the Commissioner ", the reasoning hereinbefore referred to with reference to notice, is equally applicable to this provision. It cannot serve to vest any exclusive power or discretion in the commissioner. He cannot act without the common council. Yet, as we have seen, the common council may act without him. It could be no objection that it authorized the issuance of a permit without his approval. Therefore, that appendage may be totally disregarded in considering the validity of the ordinance, and the only reasonable interpretation is that the common council intended to procure his opinion and report as a safeguard against injudicious action on its part, a right which is inherent in it.

Certainly, the ordinance is not impossible of such construction. The defendant urges a different construction, which if applied, would unquestionably render the ordinance nugatory. The former construction will render it valid, for it is no objection that the legislative body enacting the law reserves to itself the very power with which it is vested in the first instance (*Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330). The latter construction would render it invalid (*Village of Granville* v. *Krause,* 131 Misc. 752).

If a statute is capable of two constructions, one of which is in harmony with the provisions of the Constitution and the other not, that should be adopted which will preserve the statute, if such construction is just as consistent with the legislative intent as the other. (*Matter of Sugden* v. *Partridge,* 174 N. Y. 87, 95; *Matter of McAneny* v. *Board of Estimate & Apportionment of City of N. Y.,* 232 N. Y. 377, 389.)

As was said by the court in *Public Service Comm.* v. *New York Central R. R. Co.* (193 App. Div. 615, 618) : " There is a canon of construction which cogently argues that a rational, sensible and practical construction of a * * * statute * * * should be preferred to one which is unreasonable, absurd or impracticable ".

In speaking of a claimed delegation of power by the legislative body, Mr. Justice GEORGE H. TAYLOR, JR., said in *Town of*

*Mamaroneck* v. *New York Interurban Water Co.* (126 Misc. 382, 397): " ' Leaving with the company the right to fix rates,' even if we concede that the suggestion applies to this case, which I think is doubtful   *   *   *,   cannot mean, as far as this case is concerned, a delegation to the defendant of the Legislature's right over the rates   *   *   *.   Such a delegation is never implied."

This court cannot reconcile itself to the argument that the ordinance intended an absolute divestiture by the common council of its governmental functions and intended to delegate them to the building commissioner, when it expressly reserved to itself the control of the issuance of permits.

In any event, it does not clearly appear that this ordinance is unconstitutional, and it is a well-established rule that a court of original jurisdiction should never declare a law unconstitutional unless such conclusion is inescapable . (*People ex rel. New York Central & Hudson Riv. R. R. Co.* v. *Woodbury,* 74 Misc. 130, 140.)

The motions to dismiss the information, upon which decisions were reserved, are, therefore, denied, and the defendant is adjudged guilty of the offenses with which he is charged.