ETTORE MANCUSO, Plaintiff, *v.* BOARD OF EDUCATION OF SCHENECTADY CITY SCHOOL DISTRICT, Defendant.

Supreme Court, Special Term, Albany County, October 16, 1954.

*Ettore Mancuso,* plaintiff in person.

*Abraham S. Clayman, Orrin G. Judd* and *Earle K. Moore* for defendant.

ELSWORTH, J. Plaintiff sues for a judgment declaring that a tax in excess of 1¼% of the average equalized valuation of real property in the Schenectady city school district is illegal and declaring that subdivision 1 of section 2701 of the Education Law is in part unconstitutional. Defendant has moved for judgment on the pleadings or in the alternative for summary judgment. The briefs of both parties take the position that the issues are of law and not of fact and ask for a determination on the merits.

Schenectady is a city of less than 125,000 in population. In the year 1948, the tax rate of the City of Schenectady school district was less than 1¼% of the average equalized valuation of real property in that district. In that year the boundaries of that district were altered by the annexation of certain additional land. In 1949, the tax rate was more than 1¼% and less than 1½%.

On December 9, 1947, the then Comptroller of the State of New York, Frank C. Moore, announced the appointment of a committee of distinguished citizens as a comptroller's committee on constitutional debt and tax limitations and city-school fiscal relations. Among its recommendations was a complete financial independence of city school districts. Constitutional and legislative changes were necessary to carry into effect this basic change in policy and theory.

In 1948 and 1949, the Legislature approved changes in subdivision (e) of section 10 of article VIII of the Constitution. In 1949, such changes were approved by the People in a constitutional referendum and they became effective January 1, 1950. As here pertinent it was provided to limit taxes on real estate for: '' any school district which is coterminous with or partly within or wholly within, a city having less than one hundred twenty-five thousand inhabitants according to the latest federal census, for school district purposes, one and one-quarter per centum; provided, however, that if the taxes subject to this limitation levied for any such school district for its first fiscal year beginning on or after July first, nineteen hundred forty-seven, were in excess of one and one-quarter per centum but not greater than one and one-half per centum, then for such school district the limitation shall be one and one-half per centum ''.

The 1949 Legislature by chapter 847 of the laws of that year added section 2701 to the Education Law. It followed the formula of section 10 of article VIII of the Constitution but contained among other things the following proviso set forth in paragraph d of subdivision 1 thereof: '' Where, after July first, nineteen hundred forty-seven, and before January first, nineteen hundred fifty, a consolidated school district shall have been created, or the boundaries of any school district shall have been altered so that real estate subject to taxation for school purposes shall have been added to or subtracted from the area of such district, the term ' first fiscal year beginning on or after July first, nineteen hundred forty-seven ' shall refer to the first fiscal year for which taxes were levied for the school district as so created or altered.''

A legislative footnote to this statute adverts to the then proposed constitutional limitations in the amendment of section 10 of article VIII and states: " ' This bill is designed to provide the machinery for computing and increasing such limitations. Its provisions would become effective in the event the proposed constitutional amendment is approved by the voters at the general election in November, 1949.' "

Plaintiff argues that section 10 of article VIII establishes the tax rate of the City of Schenectady school district at a sum not in excess of 1¼% since the 1948 budget was within that limitation. He says that the Legislature was without power (1) to define the first fiscal year after July 1, 1947, as any year other than 1948; and (2) to enact any provisions to take care of a situation where the boundaries of a district were altered between July 1, 1947 and January 1, 1950, the effective date of the constitutional amendment. He regards the constitutional amendment as totally complete and considers that the permissible constitutional change in a school tax rate by means of a referendum in the school district is the only method by which rates might have been increased. On the other hand, the defendant argues that section 2701 of the Education Law is a lawful implementation of the Constitution.

A statute is presumed to be constitutional and one attacking a statute because of alleged unconstitutionality has the burden of establishing the contention. It will be construed as constitutional if such interpretation can be reasonably arrived at. " Constitutions, as well as statutes, must be construed from a common-sense standpoint in a way which will make their operation practicable." (*People ex rel. Boyle* v. *Cruise,* 197 App. Div. 705, 710, affd. 231 N. Y. 639.) If such a common-sense construction of a statute demonstrates that there was no legislative usurpation of a power prohibited by the Constitution, the statute will not be struck down as unconstitutional.

The constitutional amendment and the provisions of section 2701 of the Education Law here under attack were both part of the same program for changes in city-school fiscal relations. They were both submitted to the Legislature as part of a single scheme of regulation. The footnote to section 2701 of the Education Law expressly stated that such statute was being enacted to carry into effect the constitutional changes. The Legislature made clear that it was mindful of the constitutional provisions and was making a further enactment to carry into effect the provisions of the Constitution that it was sponsoring.

The constitutional amendment took effect January 1, 1950. The provisions of section 2701 of the Education Law were

designed to take care of the situation where changes in school districts occurred between July 1, 1947 and January 1, 1950. The Legislature intended that the geographical entity existing as of January 1, 1950, the effective date of the constitutional amendment, was the one which controlled the tax rate and not that of some previously existing entity. The constitutional amendment did not strip the Legislature of the power to make this enactment. The language of the statute is consistent with the language and purpose of the Constitution and can readily be reconciled therewith.

The motion of the defendant for judgment dismissing the complaint is granted.

Submit order.