Benjamin Gassman, J.
The seven-count information charges the defendant with a violation of section 964-a of the Penal Law (counts 1 to 6 inclusive), and with making’ a false statement in writing for the purpose of procuring* property and credit (count 7).
The first count alleges that on or about September 15,1956 the defendant ‘1 without express authority from the Secretary General of the United Nations, and with the intent to deceive and mislead the public, unlawfully did assume, adopt and use the name of the United Nations, and abbreviation thereof, and simulation thereof, which might deceive and mislead the public as to the true identity of the said defendant, and as to the official connection of the said defendant with the United Nations.” Counts 2 to 6 inclusive contain similar charges with respect to five other dates. Count 7 charges the defendant with having on or about August 28,1956 caused to be made a false statement in writing, with the intent that it should be relied upon, respecting the financial condition and his means and ability to pay, “ for the purpose of procuring the delivery of personal property and the extension of credit, by representing* to Encyclopedia Britannica, Inc., that he was employed as an executive assistant to the Secretary General of the United Nations, when, in fact, *963 the said defendant was never employed by the Secretary General of the United Nations or by the United Nations in any capacity whatever.”
The defendant moves for the dismissal of counts 1 to 6 inclusive on the ground that section 964-a of the Penal Law, which prohibits the adoption or use of the name “ United Nations ” or any abbreviation thereof, without express authority from the Secretary General of the United Nations, is unconstitutional. In an extensive brief submitted by the defendant, his counsel argue that that section (a) violates section 10 of article I of the United States Constitution, which prohibits any State from entering into any agreement or treaty with a foreign power, without the consent of Congress; (b) violates the 14th Amendment to the United States Constitution and section 11 of article I of the New York State Constitution, which prohibit the denial of the equal protection of the laws to any person, or the deprival of any person of his life, liberty or property without due process of law; (c) violates section 1 of article III of the New York State Constitution in that, by requiring the express authority of the Secretary General of the United Nations for the use of the name “ United Nations ” and making it a misdemeanor for any one to use that name without such express authority, the Legislature improperly delegated its legislative powers to an individual; and (d) that the statute violates section 17 of article III of the New York State Constitution, in that it has granted an exclusive privilege or franchise to a private individual.
With respect to count 7, defendant urges that it does not allege a crime under section 1293-b of the Penal Law.
While it is true that a court of inferior jurisdiction has the right to pass upon the constitutionality of a statute (People v. Lee, 151 Misc. 431), such courts will not declare a law unconstitutional unless the violation of the Constitution is plain and patent upon the face of the statute (Hughes-Kelly Corp. v. Town of Babylon, 86 N. Y. S. 2d 48), or unless the unconstitutionality is inescapable (People v. Elkin, 196 Misc. 188). This is especially true, where the law is of great importance and far-reaching effect (Dekrone v. Bussitil, 199 Misc. 70). The tendency is to leave such questions to appellate tribunals (City of New Rochelle v. Echo Bay Waterfront Corp., 182 Misc. 176, affd. 268 App. Div. 182, affd. 294 N. Y. 678).
“Courts of first instance should not exercise transcendent powers of declaring an act of the Legislature unconstitutional, except in rare cases involving life and liberty, and where invalidity of the act is apparent on its face. A clear usurpation by the Legislature of prohibited power must be found before a *964 statute can be pronounced unconstitutional”. (McKinney’s Cons. Laws of N. Y., Book I, Statutes [1958 supp.], § 150.) “ If a common-sense construction of a statute demonstrates that there was no legislative usurpation of a power prohibited by the Constitution, the statute will not be struck down as unconstitutional ”. (Mancuso v. Board of Educ., 207 Misc. 703, 706, affd. 309 N. Y. 726.)
While defendant’s motion is one for the dismissal of the information, the court will treat it as a demurrer under section 323 of the Code of Criminal Procedure. For the purposes of this demurrer, the facts expressly alleged in the information as well as everything that can be implied by fair and reasonable intendment from those allegations, must be deemed to be admitted. Under this rule, does the information allege a crime?
The United Nations was formed, as stated in the preamble to its charter, because civilized nations in the world determined 1 ‘ to save succeeding- generations from the scourge of war, which twice in our lifetime has brought untold sorrow to mankind ”. Its purpose was to unite the strength of member nations in order that international peace and security might be maintained. The charter set up machinery for the determination of rights of nations and for the collective security against aggression. The principal organs of the United Nations, established under chapter III of its charter, were a General Assembly, a Security Council, an Economic and Social Council, an International Court of Justice, a Trusteeship Council, and a Secretariat. In chapter XV of the charter it is provided that the Secretariat shall consist of a Secretary General and such staff as the organization may require. The Secretary General is appointed by the General Assembly on the recommendation of the Security Council, and the Secretary General is the chief administrative officer of the United Nations, with powers more fully defined in the charter. The name “United Nations” was adopted by the signatory States. The charter was ratified by the United States Senate, and this international organization — the hope of the freedom loving world — has now functioned for 13 years, during which time, it has effectively prevented several wars which, but for the existence of “ United Nations ” might have engulfed the world in a third bloody conflict.
Becognizing the effectiveness of United Nations, the Legislature, in the exercise of its powers, enacted section 964-a of the Penal Law, which prohibited persons from using the name “ United Nations ” or any abbreviation thereof, without express authority from the Secretary General. The unauthorized use of that name was declared by the Legislature to be a misdemeanor.
*965 There is nothing in section 964-a which requires the making’ of any agreement or treaty between the State of New York and the United Nations, and therefore, defendant’s argument that the consent of the Congress was necessary to give that section force, is without merit. Nor is there any merit to the argument that the defendant, under that section, was denied the equal protection of the laws or that he was deprived of his property without due process of law. The section in question specifically provides that “ This section shall not prevent the continued use of a corporate name or trade name heretofore lawfully used It thus protects property rights acquired prior to April 15,1952, its effective date. The defendant does not claim that he assumed or used the name “ United Nations ” prior to April 15, 1952. On the contrary, the information charges that defendant began using that name on or about September 15, 1956 and continued such use until February 13, 1958 without permission from the Secretary General of the United Nations and with the intent to deceive and mislead the public as to his identity and connection with United Nations. The objection to the information on these two grounds must therefore, be overruled.
Section 964-a is part of article 86 of the Penal Law, entitled “ Frauds and Cheats ”. That article consists of sections 920 to 966 inclusive of the Penal Law, and defines 49 various acts which are prohibited by law, as tending to cheat and defraud the public. The acts charged against the defendant in counts 1 to 6 inclusive, are among those prohibited acts. The law is intended to protect honest people in lawful pursuits, but it cannot be used as a shield by one who engages in acts tending to cheat and defraud. ‘‘ The power of the legislature in the absence of any constitutional restriction to declare that a particular act shall constitute a crime or be actionable as a tort cannot be questioned, where the right established or recognized and sought to be protected is based upon an ethical sanction. * * * ‘ The power of the Legislature to define and declare public offenses is unlimited, except in so far as it is restrained by constitutional provisions and guarantees. ’ ” (Rhodes v. Sperry & Hutchinson Co., 193 N. Y. 223, 228-229, affd. 220 U. S. 502.)
Nor can the attack on that section be sustained on the ground of unlawful delegation of legislative powers. The fact that the statute requires that authority for the use of the name 11 United Nations ” must be obtained from the chief administrative officer of that body, does not constitute delegation of legislative power to him. It is the statute, enacted by the Legislature, which defines the unauthorized use of the name as a misdemeanor. (People v. Malmud, 4 A D 2d 86.)
*966 I now come to the demurrer with respect to count 7 of the information. That count follows the specific language of subdivision 1 of section 1293-b of the Penal Law. It is not necessary that the information set forth each and every element of the crime charged. 1 ‘ In drafting an indictment it is sufficient to follow the statutory language if it contains all that is essential to constitute the crime and apprise the accused of the nature of the crime charged * * * so that his conviction or acquittal may prevent a subsequent charge for the same offense ”. (People v. Farson, 244 N. Y. 413, 417.)
Accordingly the demurrer is disallowed in its entirety and the defendant’s motion is in all respects denied.