Walter R. Hart, J.
This is a proceeding in the nature of a mandamus, pursuant to article 78 of the Civil Practice Act, to compel the Police Commissioner of the City of Hew York to remove petitioner’s name from the Police Department’s 1 ‘ Known Gamblers File ’ ’, or to show cause why it should be continued thereon.
Petitioner alleges that he was arrested for book-making on two occasions in 1946; that on the first occasion he pleaded guilty and paid a $25 fine; that following the second arrest he was acquitted; that as a result of these two incidents, which constitute his entire criminal record, petitioner’s name has been placed and kept on the Known Gamblers File maintained by the Police Department; that since 1946, at least five times a year, petitioner has been subjected to harassment, humiliation, embarrassment and vilification by members of the Police Department who have been checking his activities at home, with neighbors, coworkers and superiors; that except for the two incidents mentioned, he has always been a law-abiding citizen and has never associated with disreputable persons.
The petition also sets forth a chronological list of each position held by petitioner from 1939 to the present time, including continuous employment in Government service for the past 11% years. It is supported by affidavits of three former supervisors and a neighbor, all attesting to petitioner’s good reputation and noninvolvement with gambling or criminal activities of any kind.
*959 Respondent Police Commissioner admits in Ms answer that petitioner’s name is in the Known Gamblers File maintained by the Police Department. He denies the allegations regarding his harassment, humiliation, embarrassment and vilification and also denies having knowledge or information “ sufficient to form a belief ” as to petitioner’s activities, employment and associations since 1946. Respondent categorically asserts that experience has shown that persons arrested or convicted under the gambling laws of this State are habitual repeaters and are generally involved in continued gambling activities from time to time. Consequently, argues respondent in his brief, supervision and regulation is warranted “ at all times ”.
Section 435 of the New York City Charter invests the Police Commissioner with the power and duty, among other things, to preserve the public peace, prevent crime, detect and arrest offenders. Section 434 charges him with responsibility 1 ‘ for the execution of all laws and the rules and regulations of the department ”, Pursuant to this latter provision the Commissioner has promulgated the Rules and Procedures of the Police Department.
Chapter 8 of the Rules and Procedures deals with the public morals, gambling and alcoholic beverage control, and provides for the keeping of a file of known gamblers. Section 20.0 states that the Known Gamblers File 6 ‘ shall contain a record * * #
of all known gamblers and others suspected of being in control of gambling activities or gambling operations, either directly or indirectly, within the City of New York. Frequent “discreet ” investigations are required to be made of persons listed in the Known Gamblers File (§ 25.0) and a report must be made on each known gambler at least once a year (§ 25.1).
The general principles here involved are succinctly set forth in Fire Dept. of City of N. Y. v. Gilmour (149 N. Y. 453, 459), as follows: “ The courts do and doubtless should exercise great caution in interfering with the exercise of police regulations enacted under general powers conferred upon municipal corporations or subordinate public agents. But the public interests are also subserved in protecting citizens against unnecessary, unreasonable and oppressive regulations, interfering with a reasonable use of their property or their freedom of action.”
It does not appear from the papers submitted herein that there is any provision in the Rules and Procedures of the Police Department for the removal of a name from the Known Gamblers File once it is placed therein. This omission would not seem to be fortuitous for it tends to dovetail the recidivistic concept of “ once a gambler always a gambler”. The latter theory, as noted earlier, has been advanced herein to justify *960 permanent retention of petitioner’s name on the Known Gamblers File, regardless of the degree of his rehabilitation and restoration to society as a useful citizen. In this respect the rules appear to be unreasonable and oppressive.
In any event, I find nothing in this record which would warrant a finding that petitioner is either a known gambler or suspected gambler within the purview of the rules under consideration. His sole conviction in 1946 which resulted in a $25 fine, and the subsequent arrest which was followed by an acquittal, constitute no basis, without more, for stigmatizing petitioner as a known gambler for the remainder of his life so as to subject him to periodic police investigation and the embarrassment and humiliation which necessarily accompany such procedure.
Significantly, as heretofore noted, the Police Commissioner admits in his answer that he has no knowledge or information ‘ ‘ sufficient to form a belief ’ ’ concerning petitioner’s allegations that he has been a law-abiding citizen since 1946 and that he has never associated with any person of questionable character. Absent even a basis for the formation of a belief in this regard, it is difficult to avoid the conclusion that the continuance of petitioner’s name in the Known Gamblers File is arbitrary, capricious and unreasonable in the present circumstances.
For all the reasons stated, the application is granted and petitioner’s name is directed to be stricken and expunged from the Police Department’s Known Gamblers File.