Joseph Stone, J.
On March 6, 1971, Peter N. Kiger was served with a summons charging* him with violating* section 701.2 (snbd. [b]) of the Rules and Regulations for Use of the New York City Transit Authority (21 NYCRR 701.2 [b]). Section 1201 of the Public Authorities Law passed by the Legislature of the State of New York created the New York City Transit Authority. Section 1204 of the Public Authorities Law grants the power to the New York City Transit Authority, “ To make, amend and repeal rules for the regulation of the use of the transit facilities under its jurisdiction in order to promote the safety of passengers and to protect such physical facilities.”
Section 701.2 (subd. [b]) of the Rules for the Regulation of the Use of New York Transit System reads, “ No person shall place, or cause, or procure to be placed upon or affixed to any part of the transit system any words, characters or device as *101 a notice of, or reference to, any article, business, exhibition, profession, matter or event.” Section 702.1 of the rules (21 NYCR-R 702.1) further provides, “ Any violation of the rules of the New York City Transit Authority shall be punishable by a fine of not exceeding $25 or by imprisonment for not longer than 10 days, or both. ’ ’
Detective Alfred Gunderson of the New York City Transit Authority testified that he saw the defendant affix a small gummed-baclc sticker on the columns or pillars of the northbound platform at the West 4th Street Independent subway station. In addition, he saw defendant affix such stickers on vending machines, candy machines and soda machines on this platform. Altogether, he saw defendant affix about six of these stickers. A sample of the sticker in question was received in evidence as People’s Exhibit No. 1. The sticker, about two by four inches reads, “ Hang up on war. Don’t pay phone tax. Many thousands are refusing to pay the federal phone tax that goes for war. For information: War Tax Resistance, 339 Lafayette Street, New York City 10012 (212) 477-2970.” The sticker also depicts a hand on the receiver of a phone.
The defendant did not offer any defense, and moved for acquittal on the ground that defendant’s guilt had not been proven beyond a reasonable doubt or, in the alternative, that he should be acquitted on the ground that section 701.2 (subd. [b]) is unconstitutional in that it violates the rights of free speech guaranteed by the First and Fourteenth Amendments to the Constitution of the United States. In support of the latter proposition, the defendant cites People v. St. Clair (56 Misc 2d 326 [1968]) decided by a Judge in the Criminal Court of the City of New York. This case held that the defendant had the constitutional right to distribute political leaflets on subway platforms. The St. Clair case also held that the New York City Transit Authority may make reasonable regulations to forbid distribution by individuals on subway platforms of purely commercial material and may enact reasonable rules governing the method of circulating leaflets so as to avoid danger and interference with the safe functioning of the railroad. There is no issue in the instant case that the New York City Transit Authority has the power to make rules and regulations that are reasonable and necessary for its normal operation, for the safety and convenience of its passengers, and for the protection of its facilities.
In the St. Clair case the leaflets were handbills which could be swept up, and thus did not represent a sanitation problem *102 of great difficulty. The affixing of political gummed stickers which are difficult to remove would be imposing too great a burden on the New York City Transit Authority. Such stickers might also create a hazardous condition if pasted on the windows of subway cars and buses or in such manner on equipment or places as to interfere with the normal and safe operation of the transit system.
Courts of the first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty, and where the invalidity of the act is apparent on its face. (Grimm v. City of New York, 56 Misc 2d 525 [Sup. Ct., Queens County, 1968]. See, also, McKinney’s Cons. Laws of N. Y, Book 1, Statutes, § 150 [1971].) Section 701.2 (subd. [b]) was promulgated by the New York City Transit Authority, pursuant to section 1204 of the Public Authorities Law passed by the Legislature and, therefore, carries with it the full force and effect of legislative enactment.
This court adopts the holding in People v. Wright (12 Misc 2d 961 [Ct. of Spec. Sess., N. Y. County, 1958]) wherein on page 963, the court stated: ‘ ‘ "While it is true that a court of inferior jurisdiction has the right to pass upon the constitutionality of a statute (People v. Lee, 151 Misc. 431), such courts will not declare a law unconstitutional unless the violation of the Constitution is plain and patent upon the face of the statute (Hughes-Kelly Corp. v. Town of Babylon, 86 N. Y. S. 2d 48), or unless the unconstitutionality is inescapable (People v. Elkin, 196 Misc. 188). * * * The tendency is to leave such questions to appellate tribunals (City of New Rochelle v. Echo Bay Waterfront Corp., 182 Misc. 176, affd. 268 App. Div. 182, affd. 294 N. Y. 678).”
The fact that courts of original jurisdiction will not declare acts of the Legislature unconstitutional is illustrated in People v. “ Y. O. 2404 ” (57 Misc 2d 30, 32 [1968]) where the Supreme Court, Criminal Term, Queens County, stated that “ Of paramount consideration also is the seasoned legal precept that a statute so long enduring and beneficial in its operation is not to be rendered void except by appellate review. (People v. Kaiser, 21 N Y 2d 86; People v. Epton, 19 N Y 2d 496 and cases cited therein.) ” “If such a common-sense construction of a statute demonstrates that there was no legislative usurpation of a power prohibited by the Constitution, the statute will not be struck down as unconstitutional.” (Mancuso v. Board of Educ., 207 Misc. 703, 706 [Sup. Ct., Spec. Term, Albany County, *103 1954], affd. 309 N. Y. 726.) “ If a statute upon its face appears to Tbe reasonable, and if it appears that its natural consequences will be in the direction of the betterment of public health and welfare, it is the duty of the court to pronounce it constitutional.” (People v. Kirk, 62 Misc 2d 1078, 1085 [Rockland County Ct., 1969].)
The court finds that section 701.2 (subd. [b]) of the Rules and Regulations for the Use of the New York City Transit System being a reasonable one, narrowly drawn to serve a legitimate police power interest, is constitutional. (Cox v. New Hampshire, 312 U. S. 569.) The Constitution, which guarantees certain rights to the people, does not thereby deprive a State of its right to enact laws in the reasonable exercise of its police power directly relevant to public safety. (People v. Samuel, 29 N Y 2d 252.)
The defendant Peter N. Kiger is found guilty and fined $10.