J. Irwin Shapiro, J.
The defendant applies “ for a hearing to suppress evidence on the ground that said evidence was unlawfully obtained as a result of an illegal search and seizure on January 26,1965, without a search warrant and without probable cause.” A hearing was ordered.
At the hearing the sole witness called was the arresting officer. He testified that on January 26, 1965, about 3:00 a.m., he was on duty when he observed the defendant and an unknown male at the corner of 4th Avenue and Bergen Street, and that, as he was approaching, the other man ran away and that was what attracted his attention to the defendant.
He testified that as he got close to the defendant he observed that the latter was wearing a glove on his left hand; that he put his right hand under the glove or up the left-hand sleeve and that he, the police officer, then proceeded to search the defendant. *45 He said that the defendant’s hand movement caused him to be apprehensive although “ I had no idea what was in his glove.”
The search revealed 26 marijuana cigarettes and the defendant was thereupon placed under arrest.
It being obvious that ordinarily an arrest may not be justified by what a subsequent search reveals (People v. Malinsky, 15 N Y 2d 86, n. 3; People v. Loria, 10 N Y 2d 368, 373-374), we must here determine whether the conditions presented to the police officer portrayed sufficient “ suspicious circumstances ” to warrant “ the initial stopping and inquiry by police” — “ where police inquiry was a necessary prelude to the development of the criminal case — ” (People v. Rivera, 14 N Y 2d 441, 445, citing People v. Entrialgo, 14 N Y 2d 733).
. The “ stop and frisk ” amendment to the Code of Criminal Procedure (§ 180-a, subd. 1) provides that“ A police officer may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or any of ” certain specified misdemeanors, and subdivision 2 provides that when a police officer has stopped such a person, “ and reasonably suspects that he is in danger of life or limb, he may search such person for a dangerous weapon.” A “ ‘ frisk ’ is distinguishable from a constitutionally protected search ” because “ the right to ‘ frisk ’ is justified as an incident to an inquiry upon grounds of safety and precaution which might not initially sustain a search” (People v. Pugach, 15 N Y 2d 65, 69).
In this case the hour of the day (3:00 a.m.), the hurried departure of defendant’s companion upon the police officer’s approach, coupled with the defendant’s sudden and unexplained movement toward his glove or sleeve, all taken together, warranted the police officer in reasonably suspecting that the defendant “ is committing, has committed or is about to commit” one of the crimes above specified and he was therefore authorized to make a search of defendant’s person “ for a dangerous weapon.”
The search or frisk, leading to the arrest, having taken place while the defendant was “abroad in a public place,” (§ 180-a, subd. 1) and having revealed “ the possession ” by bim of a substance constituting a crime, the police officer was warranted in taking it and arresting him (§ 180-a, subd. 2).
While there has been considerable law review discussion as to the constitutionality of New York’s “ stop and frisk ” law, I do not pass upon that issue since every statute is presumed to be constitutional (Farrington v. Pinckney, 1 N Y 2d 74, 78) and ‘ ‘ courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except *46 in rare eases where life and liberty is involved and invalidity of the act is apparent on its face ”. (National Psychological Assn. v. University of State of New York, 18 Misc 2d 722, 726, affd. 10 AD 2d 688, affd. 8 N Y 2d 197, app. dsmd. 365 TI. S. 298.) And more particularly so in a ease like this where the Court of Appeals has, if not explicitly, certainly implicitly, upheld the validity of the statute (People v. Rivera, 14 N Y 2d 441; People v. Pugach, 15 N Y 2d 65, supra).
The motion to suppress is in all respects denied.