Samuel M. Gold, J.
This is an action brought by a former guest at a hotel, who was locked out of her room for nonpayment of charges. She seeks an injunction against the continued holding of her baggage, damages, and a judgment declaring unconstitutional section 181 of the Lien Law and sections 207 and 208 of the General Business Law insofar as those statutes authorize the keeper of a hotel, inn, boarding or rooming house to seize and hold a guest’s property without prpvision for notice and prior hearing and to sell same at public auction without provision for judicial or administrative intervention.
Plaintiff is represented by the Legal Aid Society. Since constitutionality of a statute of the State is involved, the Attorney-General was notified and permitted to intervene (CPLR 1012, subd. [b]). Briefs on the constitutional question have been submitted by the Attorney-General and the Legal Aid Society.
After plaintiff was accorded some relief on her motion for a temporary injunction, defendants turned over to her all her clothes and possessions.
The motion before this court is by defendants to dismiss the complaint “in that the Court of Appeals in Waters & Co. v. Gerard, 189 N. Y. 302 (1907), has already upheld the constitutionality of the laws in question.”
In Waters & Co. v. Gerard (supra), dealing with the forerunner of these statutory provisions, the Court of Appeals, “ construing the constitutional and statutory provisions which provide that a person shall not be deprived of life, liberty or property without due process of law” (p. 309), discussed the public policy considerations supporting the compensatory lien for the protection of innkeepers and hotels provided as a special consideration by the legislature in view of their 11 extraordinary” liability.
*950 Plaintiff urges that Waters should be overruled, since the specific procedural due process, equal protection, and search and seizure claims advanced in this case were not decided by its holding that these statutes were not violative of due process generally. This case has been brought on the alleged controlling authority of Sniadach v. Family Finance Corp. (395 U. S. 337 [1969]), which held unconstitutional a Wisconsin statute permitting prejudgment wage garnishment without prior notice and hearing on the validity of the underlying claim. It may be noted that in, Smadach it was said (p. 339): “ Such summary procedure may well meet the requirements of due process in extraordinary situations [citing cases]. But in the present case no situation requiring special protection to a state or creditor interest is presented by the facts ”.
While there is no rule of law limiting the power to determine constitutional questions to courts of particular rank in the judicial hierarchy, it has been authoritatively stated that a court of first instance should as a general rule and if possible hesitate to determine unconstitutionality, save where the consequences may be severe and the damage irreparable or where invalidity of the statute is apparent on its face (Johnson v. City of New York, 274 N. Y. 411, 430; People v. Wright, 12 Misc 2d 961; 8 N. Y. Jur., Constitutional Law, § 44; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150). This policy to leave questions of constitutionality to appellate tribunals ‘ ‘ is especially desirable where the law is of great importance and far-reaching effect, or if the law has been effective for an appreciable period of time (16 C. ,J. S., Constitutional Law, § 93, subd. b).” (Garcia v. Pan Amer. Airways, 183 Misc. 258, 260, affd. 269 App. Div. 287, affd. 295 N. Y. 852, cert. den. 329 U. S. 741).
This rule is particularly to be applied in a case where the Court of Appeals has rendered decisions in the area covered by the statute (Matter of Excelsior Pictures Corp. v. Regents of Univ. of State of N. Y., 2 A D 2d 941) or where the Court of Appeals has implicitly upheld the validity of the statute (People v. Norris, 46 Misc 2d 44).
Here the circumstances are a fortiori. The Court of Appeals has expressly upheld the constitutionality of the practically identical forerunner of these statutes. No question of difference between the statutes is even suggested, plaintiff’s urging being that conditions have changed, our concept of constitutional rights is broader, and Sniadach (395 U. S. 337, supra) is applicable and controlling.
*951 It is clear that there is a substantial question as to the applicability of Sniadach and that the claim of changed conditions and concepts as the basis for overruling Waters (189 N. Y. 302, supra) should, with all due propriety, be passed upon by the Court of Appeals itself. There is no element of danger of life or liberty to plaintiff or of severe consequences or irreparable damage and, indeed, the Attorney-G-eneral has raised the question of mootness in view of the return to plaintiff of her clothes and possessions.
For the reasons indicated this court feels bound by Waters (supra). The motion to dismiss is accordingly granted.