Susan MASON, Individually and on behalf of all others similarly situated

v.

M. D. GARRIS, Individually and d/b/a Ansley Mall Exxon Service Station, and Elgin Mitchell, Individually and in his Capacity as Marshal of State Court of Cobb County, Georgia, on behalf of himself and all others similarly situated.

Lamar ALLEN and Virginia Davidson, Individually and on behalf of all others similarly situated

v.

Luther ROSSER, Individually and d/b/a Vine City Garage, and H. R. Cawthon, Individually and in his capacity as Marshal of Civil Court of Fulton County, Georgia, on behalf of himself and all others similarly situated.

Civ. A. Nos. 17941, 18003.

United States District Court, N. D. Georgia, Atlanta Division.

June 21, 1973.

Robert E. Stagg, Robert N. Dokson, David A. Webster and Steve Gottlieb, Atlanta, Ga., for plaintiffs.

Edwards, Awtrey & Parker, Marietta, Ga., for Mitchell.

Archer, Patrick & Sidener, East Point, Ga., for Cawthon.

Arthur K. Bolton, Atty. Gen. of Ga., Timothy J. Sweeney, D. Daniel Kleckley,

Asst. Attys. Gen., Atlanta, for State of Ga., as amicus curiae.

Defendants Garris, Exxon, Rosser and Vine City Garage not represented by counsel.

Before MORGAN, Circuit Judge, and EDENFIELD and FREEMAN, District Judges.

EDENFIELD, District Judge:

Plaintiffs in these two class actions challenge the constitutionality of the Georgia statutes which provide for the foreclosure of mechanics' liens. Since the same legal principles are involved in both cases, they have been consolidated in this order.

The facts as alleged by plaintiff in Civil Action No. 17941 are as follows.

In January, 1973, plaintiff Mason loaned her automobile to a friend. The automobile began to malfunction, and the friend had the automobile towed to the Ansley Mall Exxon Service Station for repairs. About two weeks later plaintiff regained possession of her car. Defendant Garris, doing business as Ansley Mall Exxon Service Station, then swore out an affidavit in the State Court of Cobb County (Georgia) attesting to the fact that he had performed work as a mechanic on plaintiff's automobile and that plaintiff owed him money and asserting the mechanic's lien provided him by Ga.Code Ann. § 68–423a (1972 Supp.).[1] He applied for foreclosure of this lien in accordance with Ga.Code Ann. § 67–2401 (1967).[2] In response

---

[1] "Mechanics' liens.—All mechanics of every sort, for work done, or for work done and materials furnished, or for materials furnished, in repairing motor vehicles required to have a certificate of title by section 68–406a, shall have a special lien on the same which may be asserted by retention of such property, or the mechanic may surrender such vehicle and give credit, when the same shall be enforced in accordance with the provisions of section 67–2401, and such special lien shall be superior to all liens except for taxes and such other liens and security interests of which the mechanic had actual or constructive notice before the work was done or material furnished. When they surrender possession of the property to the debtor, such mechanics shall record their claims of lien as provided in section 68–422a and the validity of the lien against third parties shall be determined in accordance with the provisions of this Chapter."

[2] "Manner of foreclosure; replevy of property.—Liens on personal property, other than mortgages, when not otherwise provided, shall be foreclosed in accordance with the following provisions:

"1. There shall be a demand on the owner, agent, or lessee of the property for payment, and a refusal to pay, and such demand and refusal shall be averred. If, however, no such demand can be made, on account of the absence from the county of his residence of the party creating the lien on personal property, by reason of removal or absconding from

the same, or other acts showing an intention to be absent to defeat such demand, the party holding such lien shall not be obliged to make a demand, or affidavit thereof, but may foreclose without such demand, by stating, on oath, why no such demand was made.

"2. It must be prosecuted within one year after the debt becomes due.

"3. The person prosecuting such lien, either for himself or as guardian, administrator, executor, or trustee, shall, by himself, agent, or attorney, make affidavit showing all the facts necessary to constitute a lien under this Code, and the amount claimed to be due. If the amount claimed shall be under $100, the application may be made to a justice of the peace, who may take all the other steps hereinafter prescribed, as in other cases in his court.

"4. Upon such affidavit being filed with the clerk of the superior court, the clerk, or the justice of the peace, if in his court, shall issue an execution instanter against the person owing the debt and also against the property on which the lien is claimed, or which is subject to said lien, for the amount sworn to be due and the costs, which execution, when issued, shall be levied by any sheriff, or constable if the amount shall be less than $100, on such property subject to the lien, under the same rules and regulations as other levies and sales under execution.

"5. Affidavits may be made before any officer authorized to administer an oath.

"6. If the person defendant in such execution or any creditor of such defend-

to Garris' application defendant Mitchell, Marshal of the State Court of Cobb County, or his agent, levied upon plaintiff's automobile and commenced foreclosure proceedings. The automobile was advertised to be sold on March 5, 1973. On March 2, 1973, Judge Freeman of this panel entered a temporary restraining order halting all foreclosure proceedings.

Plaintiff Mason contends that she has a good defense to the claim by defendant Garris in that she allegedly never contracted with him for the repairs on her automobile.

The facts as alleged by plaintiffs in Civil Action No. 18003 are as follows. On March 7, 1973, plaintiff Davidson contracted with defendant Rosser, the owner of Vine City Garage, for the repair of an automobile owned by her cousin, plaintiff Allen, at the agreed cost of $257.85. On March 8 Rosser informed Davidson that there would be an additional charge of $100 to repair the automobile. Davidson responded that she was unwilling and unable to pay the additional charge and requested the return of her car in its unrepaired state. When plaintiffs attempted to retake possession of the automobile that day, Rosser refused to release it. Rosser indicated that all repairs had been made, and that he would not release the car until he had been paid $357.85. Plaintiffs refused to tender that amount, although they offered to tender $257.85. Rosser refused that offer. On March 12 Rosser swore out an affidavit in the Civil Court of Fulton County (Georgia) attesting to the fact that he had performed work as a mechanic on Allen's automobile and that $357.85 was due and owing and asserting his statutory mechanic's lien. He prayed for execution upon his foreclosure of that lien, and in response to this the Deputy Clerk of the Civil Court of Fulton County ordered the proper officials to conduct a levy and sale on Allen's automobile. Pursuant to this order defendant Cawthon, Marshal of the Civil Court, or one of his agents, levied upon the automobile by arranging for the public sale of the automobile to be advertised commencing March 23 and to be conducted at public outcry on April 2, 1973. On March 15, 1973, I entered a temporary restraining order prohibiting defendants from interfering with plaintiffs' use of the automobile until further order.

Plaintiffs Allen and Davidson contend that they have a good defense to the claim by defendant Rosser in that their contract with him allegedly included an agreed-upon cost of $257.85 which he has allegedly refused to accept in payment for his work.

∎ Turning first to the class action issue in these cases, we note that at the hearing counsel for plaintiffs seemed to agree with the panel that if they prevailed in their individual constitutional claims, the class members they wish to represent would benefit from the result in exactly the same way irrespective of whether the cases were formally deemed class actions. Nevertheless, these are proper plaintiff class actions under Rule 23(b)(2), Fed.R.Civ.P., and the class consists of those individuals whose automobiles are presently subject to the mechanic's lien provided by § 68–423a. Insofar as plaintiffs seek to have the defendant marshals in both cases named as defendant class representatives, however, the court cannot comply with their request because they have failed to show

ant shall contest the amount or justice of the claim or the existence of such lien, he may file his affidavit of the fact, setting forth the grounds of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes.

"7. If only a part of the amount claimed shall be denied, the amount admitted to be due shall be paid before the affidavit shall be received by the officer.

"8. The defendant may replevy the property by giving bond and security in double the amount claimed, for the payment of the eventual condemnation money."

to the court's satisfaction that the named marshals can fairly and adequately represent the interests of the proposed defendant class.

■ Turning next to the central issues in these cases, we believe a short discussion of the workings of the statutes involved is warranted. Under § 68–423a, a mechanic who has worked on a vehicle and has not been paid for his labor may either retain the vehicle in accordance with his mechanic's lien or he may surrender it to the owner-debtor, give credit, and record the lien. In either case he may foreclose on the lien, and if he chooses to foreclose, he must do so in the manner provided by § 67–2401. In Civil Action No. 17941 defendant Garris surrendered Mason's automobile and then sought to foreclose, while in Civil Action No. 18003 defendant Rosser chose to retain Allen's automobile and then sought to foreclose. Under § 67–2401, before he seeks to foreclose, the mechanic must demand payment and the demand must be refused. Thereafter, within one year of the due date of the alleged debt, the mechanic must swear out an affidavit attesting to the pertinent facts to an appropriate official, and upon the filing of such an affidavit in an appropriate court, that court must issue an execution instanter. The execution is then levied by an appropriate state official, such as a marshal. Under § 67–2401, there is no requirement that the alleged debtor be notified or be given an opportunity to be heard prior to the execution and levy.

Plaintiffs do not attack that portion of § 68–423a which establishes the mechanics' liens and permits mechanics to retain the vehicles they work on. Plaintiffs do challenge the constitutionality of § 67–2401 because it permits foreclosure on liens by levy and sale under instanter execution without prior notice to the alleged debtor and without an opportunity for a prior hearing, and they also challenge the constitutionality of that part of § 68–423a which provides that a mechanic's lien must be foreclosed in the manner set out in § 67–2401.

We conclude that the present cases are controlled by Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). In Fuentes, particularly, the Supreme Court adopted the view expressed by Mr. Justice Harlan in his concurring opinion in Sniadach that a person is entitled to procedural due process under the Fourteenth Amendment whenever he is deprived of the use of his property. The Court in Fuentes emphasized, as had Mr. Justice Harlan in Sniadach, that this means there must be the kinds of notice and hearing aimed at establishing at least the probable validity of an underlying claim against an alleged debtor before he is deprived of the use of his property. It follows from this that the Georgia statutes under attack are unconstitutional insofar as they permit foreclosure on mechanics' liens by levy and sale under instanter execution without prior notice to the alleged debtor and without an opportunity for a prior hearing.

The State of Georgia, in an amicus brief, has asked us to follow the single-judge decision in Hernandez v. European Collision, Inc., 346 F.Supp. 313 (E.D.N.Y.1972) which upheld the constitutionality of a New York mechanics' liens statute against an attack similar to the one made in the present cases. The court in Hernandez reasoned that once a vehicle is voluntarily surrendered to a mechanic, the mechanic acquires a significant property interest in the vehicle, an interest no less great than that of the owner of the vehicle. Accordingly, asserted that court, any due process rights the owner has in the return and possession of his vehicle are fully counterbalanced by the due process rights the mechanic has in the retention and continued possession of that vehicle. Under such circumstances, held the court in Hernandez, the foreclosure apparatus provided by the New York mechanics' liens law was a reasonable—and not unconstitutional—way of dealing with these competing interests.

As we read *Fuentes,* the reasoning of *Hernandez* is flawed. The property interest highlighted in *Fuentes* and in Mr. Justice Harlan's concurring opinion in *Sniadach,* as noted above, is the interest in the continued *use* of goods. In *Fuentes* most of the appellants were purchasers of household goods under conditional sales contracts which provided that title in the goods was retained by the sellers. Despite the fact that legal ownership of the goods was retained by the sellers, the Court held that the purchasers' interest in the *use* of the goods was sufficiently important to invoke the protection of the Due Process Clause of the Fourteenth Amendment. In Johnson v. Glenn's Furniture Co., Civil No. 16089 (N.D.Ga. July 31, 1972) (three-judge court) this court, on the basis of *Fuentes,* struck down those Georgia statutes which provided for foreclosure against personal property under chattel mortgages, conditional sales contracts, and similar title retention agreements because they failed to provide the users of the goods with prior notice and a prior opportunity to be heard.

In *Hernandez,* as in the present cases, it is the vehicle owner—not the mechanic—who, under the current statutes, is deprived of the use of his vehicle without the protections of procedural due process. The mechanic's interest is only a security interest, not a "use" interest. Since the Supreme Court, and this court, have held that statutes cannot constitutionally allow one who has a propriety interest in goods to take them from the user of the goods without abiding by procedural due process, it follows a fortiori that statutes cannot constitutionally allow one who has only a security interest in goods to take them from the user without abiding by procedural due process.

For the foregoing reasons we hereby declare that Ga.Code Ann. § 67–2401 is unconstitutional because it provides for foreclosure of liens on personal property without due process of law, and we also declare that the portion of Ga.Code Ann.

§ 68–423a which provides that foreclosure on mechanics' liens must be in the manner provided by Ga.Code Ann. § 67–2401 is also unconstitutional. Defendants and their successors, assigns, agents, servants, employees, and representatives are hereby permanently enjoined from continuing to enforce against plaintiffs and all others similarly situated the foreclosure provisions set out in Ga.Code Ann. §§ 68–423a and 67–2401.