Susan **MASON**, individually and on behalf of all others similarly situated,

v.

**M. D. GARRIS**, individually and d/b/a Ansley Mall Exxon Service Station; and Elgin Mitchell, individually, and in his capacity as Marshal of State Court of Cobb County, Georgia, on behalf of himself and all others similarly situated.

Lamar **ALLEN** and Virginia Davidson, individually and on behalf of all others similarly situated,

v.

Luther **ROSSER**, individually and d/b/a Vine City Garage; and **H. R. Cawthon**, individually, and in his capacity as Marshal of Civil Court of Fulton County, Georgia, on behalf of himself and all others similarly situated.

**Civ. A. Nos. 17941 and 18003.**

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 24, 1973.

Robert E. Stagg, Robert N. Dokson, David A. Webster, Steven Gottlieb, Atlanta, Ga., for plaintiffs.

Edwards, Awtrey & Parker, Marietta, Ga., for Mitchell.

Archer, Patrick & Sidener, Charles F. Reeves, East Point, Ga., for Cawthon.

Arthur K. Bolton, Atty. Gen., Andy Owen, Asst. Atty. Gen., Atlanta, Ga., for State of Ga., amicus curiae.

Before MORGAN, Circuit Judge and EDENFIELD and FREEMAN, District Judges.

PER CURIAM:

By its order of June 21, 1973 this three-judge court, 360 F.Supp. 420, declared that Ga.Code Ann. § 67–2401 is unconstitutional because it provides for foreclosure of liens on personal property without due process of law, and also declared unconstitutional that portion of Ga.Code Ann. § 68–423a which provides that foreclosure on mechanics' liens must be in the manner provided by Ga. Code Ann. § 67–2401. Defendants were permanently enjoined from enforcing against plaintiffs and all others similarly situated the foreclosure provisions set out in Ga.Code Ann. §§ 68–423a and 67–2401. The above-captioned case is again before the court on the parties' respective motions to amend the judgment entered.

Defendant H. R. Cawthon, Marshal of the Civil Court of Fulton County, asks the court to amend its judgment to clarify whether the court's judgment that § 67–2401 is unconstitutional is limited to mechanics' liens or applies to all liens foreclosed under § 67–2401. Section 67–2401 is a statute of general application, setting forth a procedure for foreclosing liens on personal property, other than mortgages. The court has ruled that § 67–2401 is unconstitutional because the procedure that it sets forth fails to provide requisite due process.

The court's order declares § 67–2401 to be unconstitutional and clearly makes illegal the foreclosure of any lien pursuant to its provisions, not only mechanics' liens.

Plaintiffs ask that the court amend its judgment to award them costs of the action. Under Rule 54(d), Fed.R.Civ.P., the prevailing party shall be allowed costs as of course, and plaintiffs herein shall be allowed reasonable costs as the court may determine. Plaintiffs shall file their bill of costs within ten days of the date of this order.

The court's judgment and order of June 21, 1973 is accordingly amended to show:

(1) The court's order declares § 67–2401 to be unconstitutional and makes illegal the foreclosure of any lien pursuant to its provisions, not only mechanics' liens;

(2) The plaintiffs shall be awarded reasonable costs of the action as the court may determine.