Morris Slifkin, J.
In an action in replevin, plaintiff moves pursuant to CPLR 3211 (subd [b]) to dismiss certain affirmative defenses and counterclaims which have been interposed by defendants Hansa Jet Corporation and International Aviation Services, Inc. Plaintiff urges that section 184 of the Lien *742 Law on which the affirmative defenses and counterclaims are based is unconstitutional on its face and as it is applied to the case at bar.
Briefly stated the facts are as follows. In July, 1973, the plaintiff entered into a contract with defendant Laneau whereby it either leased or sold to that defendant the aircraft which is the subject of the instant litigation. While plaintiff alleges that the contract is a lease of the aircraft, the defendants allege that it constitutes a sale with a security interest retained. However, for the purposes of this motion only, the contract shall be treated as a lease since on a motion to dismiss the court treats the facts as alleged by the movant to be established for the purposes of the motion.
The lease provides that the lessee shall maintain the aircraft and obtain appropriate service and repairs. In February, 1974, defendant Laneau allegedly defaulted in the payments due under the lease and plaintiff exercised its option under the lease and demanded return of the aircraft.
Plaintiff located the aircraft to be at the Westchester County Airport in the possession of Hansa Jet Corporation and IDS Leasing Corporation and demanded its return. These defendants asserted liens totaling almost $80,000 pursuant to section 184 of the Lien Law for services performed and fuel supplied to the aircraft at the request of Laneau.
As a result, the plaintiff commenced this action in replevin and defendants interposed affirmative defenses and counterclaims based on section 184 of the Lien Law. Plaintiff, in its reply, asserted that the statute is unconstitutional in that it violates due process under both the Federal and State Constitutions. Further, plaintiff alleged that the statute is unconstitutional as applied since it provides for the deprivation of one’s property without notice or hearing.
Thereafter, by order of Mr. Justice Gagliardi dated May 23, 1974, plaintiff’s motion to bond the lien by paying into court a sum of money was granted. The plaintiff was granted leave to deposit $100,000 with the court to secure the liens and to then obtain possession. Plaintiff thereupon paid into the court the $100,000 and obtained possession of the aircraft.
In his opinion, Mr. Justice Gagliardi noted that normally relinquishment of possession voids a lienor’s lien under section 184 of the Lien Law. However, since plaintiff was willing to guarantee payment of the lien if directed, it was permitted to do so. Implicit in the decision is the finding that plaintiff, *743 by paying into court a sum of money, did not waive its right to attack the constitutionality of section 184 of the Lien Law. In substance, the lien was transferred from the aircraft to the cash deposit.
By order of Mr. Justice Rubenfeld dated December 3, 1974, the Attorney-General was given notice of the attack on the constitutionality of a State statute as required by section 71 of the Executive Law and he has filed a brief in support of the constitutionality of the statute.
Section 184 of the Lien Law provides in part as follows: "A person keeping a garage, hangar or place for the storage, maintenance, keeping or repair of * * * aircraft * * * and who in connection therewith stores, maintains, keeps or repairs any * * * aircraft or furnishes gasoline or other supplies therefor at the request or with the consent of the owner, whether or not * * * aircraft is subject to a security interest, has a lien upon such * * * aircraft for the sum due for such storing, maintaining, keeping or repairing of such * * * aircraft or for furnishing gasoline or other supplies therefor and may detain such * * * aircraft at any time it may be lawfully in his possession until such sum is paid.”
This section which was originally enacted in 1909 has been held to be constitutional (Terminal & Town Taxi Corp. v O'Rourke, 117 Misc 761).
It is important to note that the attack on the constitutionality of the mechanic’s lien made herein is limited to section 184 of the Lien Law and this decision deals only with the provisions of section 184. This section serves to create the lien. This lawsuit and this decision are not directed at the enforcement provisions of article 9 of the Lien Law which were subject to attack in Hernandez v European Auto Collision (346 F Supp 313, revd on other grounds 487 F2d 378). (See, also, Mason v Garris, 360 F Supp 420, mod 364 F Supp 452, involving the enforcement provisions of a Georgia mechanic’s lien statute.)
In dealing with the constitutionality of a State statute of long-standing the court is mindful of the admonition contained in Blye v Globe-Wernicke Realty Co. (68 Misc 2d 948, 950, affd 40 AD2d 950, revd 33 NY2d 15) wherein Mr. Justice Gold stated: "While there is no rule of law limiting the power to determine constitutional questions to courts of particular rank in the judicial hierarchy, it has been authoritatively stated that a court of first instance should as a general rule *744 and if possible hesitate to determine unconstitutionality, save where the consequences may be severe and the damage irreparable or where the invalidity of the statute is apparent on its face (Johnson v City of New York, 274 NY 411, 430; People v Wright, 12 Misc 2d 961; 8 NY Jur, Constitutional Law, §44; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150). This policy to leave questions of constitutionality to appellate tribunals 'is especially desirable where the law is of great importance and far-reaching effect, or if the law has been effective for an appreciable period of time (16 CJS, Constitutional Law, § 93, subd b).’ (Garcia v Pan Amer. Airways, 183 Misc 258, 260, affd 269 App Div 287, affd 295 NY 852, cert den 329 US 741).”
Thus, in the case at bar we find that plaintiff is admittedly a large corporation well able to afford to have the money paid into court held pending determination of the issues raised in this action; the statute under attack has been on the books since 1909 and the statute is wide reaching and affects every garageman who renders repairs and furnishes services and materials to vehicles.
Despite the foregoing, the court does rule on the constitutional issue, particularly because the court is of the view that the statute may be sustained against the constitutional attack mounted herein.
In alleging that section 184 of the Lien Law denies the owner of the aircraft due process of law, plaintiff relies on the evolving concepts of due process as enunciated by the Federal courts and a most recent State Court of Appeals’ decision based thereon. (Mitchell v Grant Co., 416 US 600; Fuentes v Shevin, 407 US 67; Sniadach v Family Finance Corp., 395 US 337; Sugar v Curtis Circulation Corp., 383 F Supp 643; Blye v Globe-Wernicke Realty Co., 33 NY2d 15, supra.)
For the purposes of this decision, it is not necessary to discuss the Federal cases in detail. Further, the court assumes that the exercise by a private person of his lien under section 184 involves a form of State action. A major point of distinction from the instant case is that the cases cited involve a taking from an owner of some form of personal property without a prior hearing and/or notice. Thus Sniadach involved a wage garnishment by a debtor, pursuant to a statute which allowed a seizure of the wages prior to a hearing on the claim; Fuentes involved the replevin of household goods by a seller under a conditional sales contract and a statute which *745 allowed the seizure of the goods prior to judgment; Mitchell involved a Louisiana sequestration statute which also provided for the seizure of property, and Sugar involved the New York Attachment Statute which did not afford a debtor an immediate post-seizure hearing. Finally, Blye involved the seizure by an innkeeper of a guest’s baggage from the guest’s room after locking her out of the room for nonpayment of rent.
All of the foregoing cases, in one form or another involve a seizure from the owner of a form of personal property and as stated, without notice and/or hearing. In the case at bar, the owner (plaintiff herein) leased certain property to defendant Laneau pursuant to an agreement which both authorized and required him to furnish normal repairs and services to the aircraft. Thus at this juncture, we must assume that implied consent was given by plaintiff under its agreement to have defendants service the aircraft. Defendants Hansa and IDS herein, at least for the purposes of this motion, must be deemed to have made the repairs and furnished the services and fuel to the aircraft, pursuant to the request of Laneau who turned over possession of the plane to them. Thus, we are faced with a situation wherein there has been no seizure of the property, but rather a voluntary surrender or transfer of possession for a stated purpose.
Accordingly, the present case does not involve the deprivation of possession by seizure without prior notice, but rather a situation wherein the owner or lessee has turned over possession, at least on a temporary basis, to permit certain work to be done and materials furnished to the aircraft. It is by the voluntary act of the owner or lessee that defendants obtained possession rather than by an arbitrary seizure pursuant to some form of State action.
To put it another way, the cited cases involve a change in possession as a result of State action. However, section 184 of the Lien Law involves no such change of possession pursuant to State action, but rather by the voluntary action of the lessee or owner. Here the State action is the granting of a lien to the one now in possession for the work done on the vehicle surrendered.
While the foregoing would serve to bring the present case outside the ambit of the Federal cases cited above, a more detailed discussion of Blye v Globe-Wernicke Realty (supra), is required to fully understand the differences between it and the case at bar.
*746 Blye involved an attack on the constitutionality of section 181 of the Lien Law which gives a lien to an innkeeper on a guest’s baggage for rent. The statute provides in part that an innkeeper "has a lien upon * * * and may detain the baggage and other property brought upon his premises by a guest * * * for the proper charges due from him, on account of his accommodation * * * as are furnished at his request.”
In Blye, plaintiff was locked out of her room for nonpayment of hotel charges of $60 and defendant exercising its right under section 181 of the Lien Law summarily seized her property valued at approximately $700 without notice and an opportunity for a hearing. After noting that the recent Federal cases held that procedural due process requires notice and an opportunity for a hearing before the State may deprive a person of a possessory interest in his property, the Court of Appeals held that the statute which authorized a seizure of the property without notice or a hearing did not satisfy the requirements of due process and declared the statute unconstitutional.
As previously noted Blye involved the physical seizure by the innkeeper of property belonging to the guest. The word "seizure” was used several times during the course of the opinion to underscore the nature of the illegal act. This court, as noted above, believes that it serves as a distinguishing feature between the case at bar and Blye. Defendants at bar have at no time seized plaintiffs property. Rather they retained possession which was voluntarily surrendered to them. If Blye involved a situation wherein personal property was left in the possession of the innkeeper, it might be held controlling or certainly more persuasive in the case at bar. However, it did not and the court was careful to note that it involved the seizure of property from the possession of its guest apparently from a locked hotel room.
There is another distinguishing feature between the case at bar and Blye and the Federal cases previously mentioned. A garageman performs service on and does repairs to the very item on which he asserts a lien. Thus, the obligations for which he seeks to maintain possession of the aircraft arises out of work done to the aircraft. The innkeeper’s lien on the other hand involves the seizure and holding of property to secure the payment of services rendered to an individual — the supplying of a hotel room. This distinction is not without meaning. The garageman has improved the aircraft or at least *747 performed acts to maintain its value. The innkeeper has done nothing to increase the value of the baggage; he has supplied accommodations only to his guest.
In view of the foregoing, the court does not believe that section 184 of the Lien Law deprives the owner of possession of a vehicle without due process of law.
The court is not unaware of the view expressed by Justice Timbers in his concurring opinion in Hernandez that the voluntariness of the transfer of possession is not a pivotal distinction (Hernandez v European Auto Collision, 487 F2d 378, 385; Garageman’s Lien: Application of Procedural Due Process Safeguards, 28 Univ of Miami L Rev 458; The Constitutionality of Garagemen’s Liens, 5 Toledo L Rev 311, 320-321).
However, in view of the emphasis placed by the Court of Appeals on the seizure which occurred in Blye (supra), this court concludes that the voluntariness of the transfer is of great significance, particularly where one deals with the statute creating the lien rather than the statute enforcing it.
With respect to the claim that if section 184 of the Lien Law is not unconstitutional on its face, it is unconstitutional as applied, the court notes that plaintiff bases this claim on the fact that the owner of the aircraft did not make a voluntary surrender and there is no privity of contract between it and the defendants alleging liens pursuant to section 184. The argument must fail because plaintiff as the alleged owner both authorized and required Laneau to service and repair the aircraft. Thus, for the purposes of this motion it must be deemed to have consented to the work performed by defendants.
In view of the foregoing the court holds that section 184 of the Lien Law is constitutional and it has been applied in a constitutional manner to the case at bar. The motion by plaintiff is denied.
Settle order on notice.