PATRICIA WHITMORE AND CHARLES COSTON, PLAINTIFFS, v. NEW JERSEY DIVISION OF MOTOR VEHICLES, JOHN A. WADDINGTON, DIRECTOR OF NEW JERSEY DIVISION OF MOTOR VEHICLES, AND SAKOVAN, INC., DEFENDANTS, AND NEW JERSEY AUTOMOBILE DEALERS ASSOCIATION AND NEW JERSEY GASOLINE RETAILERS ASSOCIATION AND ALLIED TRADES, INC., INTERVENORS.

Superior Court of New Jersey
Chancery Division

Decided November 6, 1975.

Mr. Steven P. McCabe, Middlesex County Legal Services Corp., for plaintiffs (Mr James J. Lynch, Union County Legal Services Corp. and Mr. Mark Goldman, Newark

Legal Services Corp., attorneys; Mr. Russell Piccoli, New Jersey State Office of Legal Services, of counsel and on the brief).

Mr. Harley A. Williams, Deputy Attorney General, for defendants New Jersey Division of Motor Vehicles and John A. Waddington, Director of New Jersey Division of Motor Vehicles (Mr. William F. Hyland, Attorney General, attorney).

Mr. Joseph J. Jankowski for defendant Sakovan, Inc. (Messrs. Hutt, Berkow & Hollander, attorneys).

Mr. Frank J. Cundari for intervenor New Jersey Automobile Dealers Association (Messrs. Wilentz, Goldman & Spitzer, attorneys).

Mr. Stephen R. Spector for intervenor New Jersey Gasoline Retailers Association and Allied Trades, Inc. (Messrs. Ferrara, Glock & Spector, attorneys).

FURMAN, J. S. C. The constitutionality of the public sale provisions of the Garage Keepers Lien Act, *N. J. S. A.* 2A:44–20 *et seq.*, is at issue. The automobiles of both plaintiffs were retained by garage keepers after repairs. Repair bills were disputed and not paid. Plaintiff Coston's automobile is still retained. Plaintiff Whitmore's automobile was sold at public sale and title transferred by defendant Division of Motor Vehicles.

The Garage Keepers Lien Act is declaratory of a common law right of lien upon enhancement of the value of a chattel by work and materials, an extension of the common law artisan's and farrier's liens. *Crucible Steel Co. v. Polack Tyre & Rubber Co.*, 92 *N. J. L.* 221, 227 (E. & A. 1918); *White v. Smith*, 44 *N. J. L.* 105, 109 (Sup. Ct. 1882); *cf. Ferrante v. Foley*, 49 *N. J.* 432, 437 (1967); *National State Bank v. Rapp*, 49 *N. J.* 457, 459 (1967);

*Diesel v. Associates Fin. Serv.,* 125 *N. J. Super.* 53, 55 (App. Div. 1973); *Onondaga Truck Lease Inc. v. Hovell,* 107 *N. J. Super.* 463, 465 (Cty. Ct. 1969), aff'd 111 *N. J. Super.* 549 (App. Div. 1970). The garage keeper's possessory lien until payment for repairs made to a motor vehicle is not challenged in this action.

Plaintiffs attack the validity of *N. J. S. A.* 2A:44–29, 30, 31 which provides for a public sale after 30 days' retention by the garage keeper:

If no proceedings are taken for the repossession of the motor vehicle or part thereof by the owner, such property so held by the garage keeper shall, after the expiration of 30 days from the date of the detention, be sold at public auction, subject to any prior lien, title or interest held by virtue of a prior conditional sale or a prior chattel mortgage properly recorded.

Notice of the sale, under section 2A:44–29 of this title shall be published for 2 weeks at least once in each week, in some newspaper circulating in the municipality in which the garage is situate and not less than 5 days' notice of such sale shall be given by posting the notice in 5 public places in said municipality.

The proceeds of the sale shall be applied to the payment of the lien and the expenses of the sale. The balance, if any, shall be paid to the owner of the motor vehicle, or part thereof. The balance, if not claimed by the owner within 60 days after sale, shall be paid to the municipality, in which the garage is situated, for the support of the poor.

An alternative procedure prior to the expiration of 30 days is available to the owner of the vehicle under *N. J. S. A.* 2A:44–23, 24, 25, 26 and 27.

The owner or the person entitled to the immediate possession of the motor vehicle or part thereof so detained, may, on learning of the detention of the same, immediately demand from the garage keeper or the person in charge thereof, a statement of the true amount claimed to be due for the storing, maintaining, keeping or repairing of such motor vehicle, or for furnishing gasoline, accessories or other supplies therefor. If upon receiving such statement he considers the amount thereof excessive, he may offer what he considers to be reasonably due and demand possession of the motor vehicle or part thereof so detained. If possession is refused, he may obtain possession thereof by depositing the amount claimed in the statement with the clerk of a court of competent jurisdiction in the

county where the motor vehicle or part thereof may be, together with $10 to cover the costs of court in an action in the county district court and $50 in any other court.

When the amount claimed to be due and the costs are deposited with the clerk of the court as provided in section 2A:44–23 of this title, the claimant shall be entitled to possession of the motor vehicle or part thereof, pursuant to process out of said court.

In lieu of depositing the amount claimed in cash as provided by section 2A:44–23 of this title, a bond in double the amount claimed and double the amount required to be deposited as costs, may be filed with the clerk of the court. It shall have sufficient surety, and be approved in the manner similar bonds are now approved in the court from which process is to issue.

The bond shall be in such form as the court shall prescribe.

The garage keeper shall assert his claim for a lien in the court within the time and in the manner prescribed by the rules governing the practice of the court. The court may hear and determine the matter in a summary manner. The judgment, if any, may be satisfied out of the deposit made or an action may be brought on the bond filed.

If no claim is made by the garage keeper, or if judgment shall be rendered for the defendant, the court may order the return of the money deposited or the discharge of the bond and may also fix and determine the amount of damages suffered by the owner for the seizure and detention of the motor vehicle or part thereof, and render a judgment for such amount against the garage keeper.

The public sale procedure is mandatory, not permissive, if the owner of the vehicle has not pursued his remedy under *N. J. S. A.* 2A: 44–23 to 27. *Crucible Steel Co. v. Polack Tyre & Rubber Co., supra,* 92 *N. J. L.* at 230. The right of public sale enlarges on the common law right of possession of a lienholder. *Lanterman v. Luby,* 96 *N. J. L.* 255, 257–258 (E. & A. 1921); *Windsor Contr. Corp. v. Budny,* 93 *N. J. Super.* 235, 241 (App. Div. 1966), aff'd 51 *N. J.* 5 (1967); *Reilly v. Griffith,* 141 *N. J. Eq.* 154, 164 (Ch. 1947), aff'd 142 *N. J. Eq.* 724 (E. & A. 1948). After reducing his underlying claim to a judgment the lienholder at common law could obtain execution on the property retained by him. *Crucible Steel Co. v. Polack Tyre & Rubber Co., supra,* 92 *N. J. L.* at 229; *Kalio Universal, Inc. v. B. A. M., Inc.,* 95 *N. J. Super.* 393, 398–399 (App. Div. 1967); *cf. N. J. S. A.* 2A:44–32.

■ Implementation of *N. J. S. A.* 2A:44–29 to 31 by a garage keeper is action by force of state statute and not common law. Thus it is subject to be struck down under the Fourteenth Amendment to the United States Constitution if in derogation of a constitutional right to prior notice and an opportunity to be heard, as plaintiffs contend. *Reitman v. Mulkey,* 387 *U. S.* 369, 375–380, 87 *S. Ct.* 1627, 18 *L. Ed.* 2d 830 (1967); *Nixon v. Condon,* 286 *U. S.* 73, 85–89, 52 *S. Ct.* 484, 76 *L. Ed.* 984 (1932); *Cockerel v. Caldwell,* 378 *F. Supp.* 491, 494 (W. D. Ky. 1974); *Adams v. Dept. of Motor Vehicles,* 11 *Cal.* 3d 146, 152–153, 113 *Cal. Rptr.* 145, 148–149, 520 *P.* 2d 961, 964–965; 64 *A. L. R.* 3d 803, 808–809 (Sup. Ct. 1974); *cf. King v. So. Jersey Nat. Bank,* 66 *N. J.* 161, 176 (1974).

Transfer of title after a public sale under *N. J. S. A.* 2A:44–29 is effectuated by the Division of Motor Vehicles under *N. J. S. A.* 39:10–15, which provides for the issuance of a certificate of ownership to the purchaser at the public sale. Defendant Division of Motor Vehicles, by regulation effective September 19, 1975, has required proof of personal notice by certified mail of a proposed public sale under *N. J. S. A.* 2A:44–29, not proof merely of public notice by newspaper advertisement and posting in public places, prior to transfer of title.

Plaintiffs analogize from *Fuentes v. Shevin,* 407 *U. S.* 67, 92 S. Ct. 1983, 32 L. Ed. 2d 556 (1972), and other recent decisions (*North Georgia Finishing v. Di-Chem,* 419 *U. S.* 601, 95 S. Ct. 719, 42 L. Ed. 2d 751 (1975); *Sniadach v. Family Finance Corp.,* 395 *U. S.* 337, 89 S. Ct. 1820, 23 L. Ed. 2d 349 (1969); *Van Ness Industries v. Claremont Painting,* 129 *N. J. Super.* 507 (Ch. Div. 1974); *cf. Mitchell v. W. T. Grand Co.,* 416 *U. S.* 600, 94 S. Ct. 1895, 40 L. Ed. 2d 406 (1974)), which invalidate seizures of significant property or possessory interests, with state participation or authorization, prior to notice and an opportunity to be heard in a judicial proceeding. That constitutional principle is applicable and controlling.

More directly in point, plaintiffs rely also upon *Hernandez v. European Auto Collision, Inc.*, 487 *F.* 2d 378 (2 Cir. 1973); *Cockerel v. Caldwell, supra; Mason v. Garris*, 360 *F. Supp.* 420, mod. 364 *F. Supp.* 452 (N. D. Ga. 1973); *Straley v. Gassaway Motor Co., Inc.*, 359 *F. Supp.* 902 (S. D. W. Va. 1973); *Adams v. Dept. of Motor Vehicles, supra* and *Lee v. Cooper,* an unreported opinion by Judge Barlow in the United States District Court for New Jersey decided March 25, 1974, all striking down pre-judgment sales provisions of state garage keepers lien laws as unconstitutional.

*Lee v. Cooper, supra* specifically adjudicated the unconstitutionality of *N. J. S. A.* 2A:44-20 *et seq.,* both as to its possessory lien and public sale provisions. This court is not compelled to adhere to that decision, even on a federal constitutional issue. *State v. Norflett,* 67 *N. J.* 268, 286 (1975); *State v. Coleman,* 46 *N. J.* 16, 35–37 (1965), *cert.* den. 383 *U. S.* 950, 86 *S. Ct.* 1210, 16 *L. Ed.* 2d 212 (1966).

With the exception of *Lee v. Cooper, supra,* the decisions relied upon by plaintiffs are not squarely in point. *N. J. S. A.* 2A:44-20 *et seq.* is distinguishable from other statutory schemes because it does provide a remedy under *N. J. S. A.* 2A:44-23 to 27. The owner of a vehicle who posts the amount of the disputed bill or a bond in double the amount of the bill, with court costs in addition, recovers possession. The garage keeper must then prove his claim. The public sale provision is only applicable if the owner of the vehicle has failed to proceed under *N. J. S. A.* 2A:44-23 to 27.

Both *Hernandez* and *Adams, supra,* discuss the inadequacy and delay of judicial remedies available to an owner prior to statutory sale by a garage keeper, *e. g.,* conversion, replevin or an action to contest the lien in contract. Whether a judicial hearing would antedate a forced sale is viewed as problematical. By contrast the public sale under

*N. J. S. A.* 2A:44–29 is contingent upon the owner's not resorting to his available statutory remedy.

Other remedies available to the present plaintiffs would not be timely or, in the case of replevin, subject to the objection of the excessive expense of a double bond. The unresolved issue, therefore, is whether the requirement of posting the full amount of the disputed garage bill or a double bond, with court costs, effectively denies to plaintiffs the constitutional right to a pre-sale judicial hearing. Both plaintiffs are indigent within the standards set in 42 *U. S. C. A.* § 2996f(a) (2) (A)(B).

In other contexts the United States Supreme Court has ruled that the burden of the costs of a trial transcript effectively deprives a criminal defendant of his constitutional right of appeal (*Griffin v. Illinois,* 351 *U. S.* 12, 76 *S. Ct.* 585, 100 *L. Ed.* 891 (1956)) and that court fees of $60 amount to an unconstitutional barrier to an indigent wife seeking a divorce. (*Boddie v. Connecticut,* 401 *U. S.* 371, 91 *S. Ct.* 780, 28 *L. Ed.* 2d 113 (1971)).

Plaintiffs dispute the amounts of their respective bills by $100 or more. Their automobiles are necessities for daily transportation. See *So. Burlington Cty. N.A.A.C.P. v. Mt. Laurel Tp.,* 67 *N. J.* 151, 172–173 (1975); *Streeter v. Brogan,* 113 *N. J. Super.* 486, 492 (Ch. Div. 1971); *Bancredit, Inc. v. Bethea,* 65 *N. J. Super.* 538, 549 (App. Div. 1961); *Daubert v. Mosley,* 487 *P.* 2d 353, 356–357, 56 *A. L. R.* 3d 1328, 1333–1334 (Okl. Sup. Ct. 1971); *Ehrsam v. Borgen,* 185 *Kan.* 776, 347 *P.* 2d 260, 263–264 (Sup. Ct. 1959), categorizing the automobile as a necessity to a substantial proportion of the United States population.

■ Ownership of an automobile bears with it financial responsibilities, including that of maintaining liability insurance coverage. (*N. J. S. A.* 39:6B–1). But the jurisdictional prerequisite of posting the entire disputed garage keeper's bill or a double bond, with court costs, prior to a public sale is not a reasonable incident to ownership of an automobile. The statutory remedy is blocked to the

owners of automobiles who dispute their garage bills in good faith and are without sufficient funds to advance the disputed excess in cash or to pay the premium on a double bond.

*N. J. S. A.* 2A:44–20 *et seq.* is held to be unconstitutional under the Fourteenth Amendment in failing to afford to all automobile owners the opportunity to be heard judicially prior to divestment of title.