**Frank E. TURNER and Pam Turner, Plaintiffs,**

v.

**ROY BRIDGES MOTORS, INC., Defendant.**

Civ. A. No. 76–G–0086–S.

United States District Court, N. D. Alabama, S. D.

June 30, 1977.

William F. Prosch, Jr., John Martin Galese, Birmingham, Ala., for plaintiffs.

Kenneth D. Wallis, Birmingham, Ala., for defendant.

GUIN, District Judge.

This is a civil action seeking permanent injunctive relief, a declaratory judgment, both compensatory and exemplary damages, and other additional relief including costs and attorneys fees, brought under 42 U.S.C. § 1983 and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and predicated upon alleged violations by the defendant Roy Bridges Motors, Inc., of the fifth and fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983, enacted pursuant thereto. The gravamen of plaintiffs' complaint is that the operation of sections 25, 26, 27, 28, 37, and 25 as last amended, of Title 33, Code of Alabama 1940 (Recomp. 1958), has deprived plaintiffs of their property without

due process of law in violation of the fifth and fourteenth amendments to the United States Constitution and under Title 42, Section 1983, of the U. S. Code.

This matter is currently before the court on cross-motions by the parties for summary judgment. The court finds, after having fully considered the pleadings, the motions, and all affidavits filed in this cause, and having carefully reviewed the briefs and having heard the oral arguments of counsel, that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Having considered the above-referenced record and information before the court, the court now enters this memorandum opinion.

■ This action is properly before the court under 42 U.S.C. § 1983 and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. This court has jurisdiction over the subject matter of this law suit and jurisdiction over the parties thereto, pursuant to 28 U.S.C.§ 1343.

The plaintiffs purchased a used car from defendant in June 1975. Experiencing mechanical difficulty, plaintiff Frank E. Turner took the car to defendant's place of business in December 1975. Turner signed a repair order authorizing disassembly work in order that the cause of the malfunction could be determined. After disassembly and inspection, defendant told plaintiff that an engine piston had malfunctioned and required replacement. Deciding not to permit defendant to make the necessary repairs, plaintiff asked for and was refused the return of his auto. Defendant refused to release the car until a $66.50 charge for disassembly and inspection was paid in full.

Plaintiffs filed this action seeking relief on January 21, 1976. On advice of counsel, plaintiffs remitted $66.50 to defendant the following day and received return of their vehicle.

■ In support of its motion for summary judgment, defendant asserts the lack of a justiciable controversy between the parties, alleging that the question is moot because the parties have been returned to the status quo. Even though the plaintiffs' vehicle is no longer detained by defendant, plaintiffs' claim for damages and other relief, still outstanding, creates a justiciable controversy between the parties. "Where one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." *Powell v. McCormack*, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). *See, United Public Workers v. Mitchell*, 330 U.S. 75, 86–94, 67 S.Ct. 556, 562–66, 91 L.Ed. 754, 765–70 (1947); 6A J. Moore, *Federal Practice* ¶ 57.13 (2d ed. 1966). Further, two district courts have held that the return of items detained perforce of an innkeeper's lien did not render the constitutional challenge moot because of the still existing damage claims. *Collins v. Viceroy Hotel Corp.*, 338 F.Supp. 390 (N.D.Ill.1972); *Klim v. Jones*, 315 F.Supp. 109 (N.D.Cal. 1970).

In *Parks v. "Mr. Ford"*, 386 F.Supp. 1251 (E.D.Pa.1974) an involuntary relinquishment, pursuant to court order, of plaintiff's vehicle which was being detained by a garageman claiming under common law and state statutory liens was held not to render moot the owner's challenge to the lien statute in view of the continuing claim by plaintiff for damages.

In view of the foregoing, the court finds defendant's mootness argument untenable.

■ Turning to the question of whether the plaintiffs' rights have been violated, the threshold issue is whether the challenged conduct constitutes state action within the meaning and purpose of the fourteenth amendment, or, under 42 U.S.C. § 1983, whether that conduct can be considered as having been taken "under color of state law." As stated in *Parks v. "Mr. Ford"*, supra, at 1259, and echoed by Chief Judge Pittman in *Ingram v. Steven Robert Corp.*, 419 F.Supp. 461, 463 (S.D.Ala.1976):

It has been settled for nearly one hundred years that the proscription of the Fourteenth Amendment applies only to such action as may be attributed to the states, and does not inhibit, of its own

force, the conduct of private individuals. *The Civil Rights Cases,* 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). The state action requirement of the Fourteenth Amendment is functionally equivalent to the requirement of § 1983 that the challenged conduct be "under color of state law". [Citations omitted.]

Although plaintiff challenges several sections of Title 33 (as enumerated fully above), only Section 25 is pertinent to the present inquiry. That section provides as follows:

Any blacksmith, woodworkman, or other mechanic, who contributes his labor and material, or either, to the production, manufacture, or repair of any vehicle, implement, machine, or article of any kind, shall have a lien thereon in the hands of any person for whom such vehicle, implement, machine or article was made or repaired, or to whom sold, and in the hands of any purchaser with notice of such lien, for the agreed price, or the value if no price was agreed upon, of the labor and material, or either, contributed to the production, manufacture, or repair of the same.

By amendment in 1965, the following sentence was added to Section 25:

Said lien shall be subordinate to any security interest under the Uniform Commercial Code in such vehicle, implement, machine, or article, which security interest was perfected prior to the time said labor or material was contributed, unless the secured party holding said security interest authorized the contribution of said labor or material.

This section (Section 25) merely creates the lien; enforcement is left to Section 26. Section 26 has no bearing on this case since it was not resorted to for enforcement, plaintiff having paid for and received his car before the need to enforce the lien arose. Sections 27 and 28 deal with joinder of persons having a lien on the same property, and were not resorted to in the instant case. The last challenged section, Section 37, deals solely with liens on buildings and improvements to real estate, and is thus patently irrelevant to the case at bar. The court, therefore, finds no occasion to determine whether Sections 26, 27, 28, 37 and the amended portion of Section 25 deprive plaintiff of his rights under the fourteenth amendment or Section 1983. Only Section 25 of Title 33 is germane to the issue here raised.

The court finds that the operation of Title 33, Section 25, Code of Alabama 1940 (Recomp.1958), does not constitute "state action" or action taken "under color of state law." Plaintiff urges the court to adopt the rationale of *Hall v. Garson,* 430 F.2d 430 (5th Cir. 1970) wherein the Fifth Circuit found state action by a landlady who entered her tenant's dwelling and, without giving notice or employing official process, *seized* certain of the tenant's belongings to satisfy past due rent owed by the tenant. However, four years later in *James v. Pinnix,* 495 F.2d 206 (5th Cir. 1974), the Fifth Circuit qualified the *Hall* decision in holding valid Mississippi's self-help repossession statute. In determining that the statute did not involve sufficient state action to confer federal jurisdiction under the Civil Rights Act, the court held:

The *Hall* state function concept does not carry over to the present case with sufficient force to compel a finding of state action. In *Hall* the landlady seized goods to satisfy a debt arising out of an agreement having nothing to do with the goods. Such a taking closely resembles a *seizure* in satisfaction of a judgment—a function traditionally performed by a sheriff or other state agent. In the present case, by contrast, the appellant-creditor possessed and claimed no roving commission to extract appellee's goods to satisfy a separate debt. Rather, he had a specific purchase money security interest in a particular item, and he seized only that item. His action, moreover, was by long Mississippi tradition the sort of action performed by private persons, not state officials. [Citations omitted.] Finally, *seizure* by entry into a dwelling, in *Hall* a major decisional factor because it was deemed an indicium of state-like behavior, was absent from the instant case. [Emphasis added.] 495 F.2d at 208.

Plaintiffs' reliance on *Hall* must give way to the more closely analogous rationale applied in *James v. Pinnix, supra*. Here, as in *James*, defendant "possessed and claimed no roving commission to extract [plaintiff's] goods to satisfy a separate debt." Defendant's claim rose solely out of the voluntary transfer of the car to defendant by the plaintiffs. Defendant is not authorized to *seize* any other property of plaintiff or to enter upon plaintiffs' premises to satisfy the debt owing him. His only recourse is in the vehicle already lawfully surrendered to his possession. The instant facts are in sharp contrast with those presented in *Hall* and are more attuned to the situation presented in *James, supra*. The court finds the rationale of *James* particularly appropriate in concluding there is not sufficient state action involved in the instant case to support federal jurisdiction. *Accord*: *Parks v. "Mr. Ford"*, 386 F.Supp. 1251, 1261 (E.D.Pa.1975).

Even those jurisdictions reaching the issue of the constitutionality, *vel non*, of their state's garageman's lien statute have upheld the statute's constitutionality, notwithstanding recent Supreme Court pronouncements closely scrutinizing the individual's right to fair notice and an opportunity to be heard prior to the seizure of his property. *Cf. Sniadich v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).

In *IDS Leasing Corp. v. Hansa Jet Corp.*, 82 Misc.2d 741, 369 N.Y.S.2d 922 (1975), New York's garageman's lien statute was upheld against constitutional attack mounted by a plaintiff relying on the evolving due process concepts espoused by the Supreme Court in *Sniadich, Fuentes*, and *Mitchell, supra*. The court believed the major point of distinction between its case and those relied upon by plaintiff was that the latter cases involved a *seizure* from an owner of some personal property without first giving notice and providing an opportunity to be

heard. In the instant case, plaintiffs voluntarily authorized the disassembly of their car's engine in order to determine the cause of the malfunction.

■ The court also notes that above the plaintiff's signature on the work authorization form appeared the words "an express mechanic's lien is hereby acknowledged on above car or truck to secure the amount of repairs thereto." Without deciding the issue of whether this constitutes a valid and enforceable term of the parties' contract, it can at least be said that plaintiff impliedly consented to the written agreement. *IDS Leasing Corp. v. Hansa Jet Corp., supra*, 369 N.Y.S.2d at 926.

The court in *IDS* believed that the garageman's lien violated no constitutional principles for another reason. In contrasting the lien before it with the innkeeper's lien the court stated:

> A garageman performs service on and does repairs to the very item on which he asserts a lien. Thus, the obligations for which he seeks to maintain possession of the [vehicle] arises out of work done to the [vehicle]. The innkeeper's lien on the other hand involves the *seizure* and holding of property to secure the payment of services rendered to an individual—the supplying of a hotel room. This distinction is not without meaning. The garageman has improved the [vehicle] or at least performed acts to maintain its value. The innkeeper has done nothing to increase the value of the baggage; he has supplied accommodations only to his guest. [Emphasis added.]

369 N.Y.S.2d at 927. The same rationale applies here with compelling logic.

In *Cockerel v. Caldwell*, 378 F.Supp. 491, 498 (W.D.Ky.1974) the court held that

> . . . protecting the laboring and property interest of the repairman are preservative factors in reaching the conclusion that Constitutional Due Process is not violated by the detention features of [the statute under consideration]. . . [T]he repairman not only has a possessory interest arising from his performance of

**618**

labor and adding of materials, but he is vested with the actual physical possession of the automobile by the voluntary action of its owner.

378 F.Supp. at 498. *Accord: Adams v. Department of Motor Vehicles*, 11 Cal.3d 146, 113 Cal.Rptr. 145, 520 P.2d 961 (1974).

Because plaintiff voluntarily delivered his car to defendant, no seizure ever occurring, and authorized the service that defendant in fact performed, there was no deprivation of plaintiffs' constitutional rights under the fifth and fourteenth amendments, nor under 42 U.S.C. § 1983.

Accordingly, the defendant's motion for summary judgment is GRANTED, and the plaintiffs' cross-motion for summary judgment is OVERRULED.